468 S.E.2d 539 (1996)
NORTH CAROLINA CHIROPRACTIC ASSOCIATION, Petitioner,
v.
NORTH CAROLINA STATE BOARD OF EDUCATION, Respondent.
No. COA95-422.
Court of Appeals of North Carolina.
March 19, 1996.
*540 Allen & Pinnix, P.A. by M. Jackson Nichols, Raleigh, and Vance C. Kinlaw, Greensboro, for petitioner-appellant.
Attorney General Michael F. Easley by Special Deputy Attorney General Thomas J. Ziko, for respondent-appellee.
JOHN C. MARTIN, Judge.
The North Carolina Chiropractic Association ("NCCA") appeals from the dismissal of its petition seeking judicial review of a decision of the North Carolina State Board of Education. The matter comes before us upon the following factual and procedural history: On 28 October 1992, the NCCA petitioned the State Board of Education, pursuant to G.S. § 150B-20(a), to amend Rule 16 N.C.A.C. 6E.0202(a)(4) to allow doctors of chiropractic to perform required annual physical examinations of prospective interscholastic athletes. At its meeting on 7 January 1993, the Board granted the petition pursuant to G.S. § 150B-20(b) and initiated public rule-making procedures.
On 18 March 1993, the Board held a public hearing and received comments on the proposed amendment. At its regular monthly Issues Session on 6 May 1993, the Board accepted the recommendation of the Department and Program Committee not to adopt the amendment, but "to leave the subject policy as it currently exists." The Board subsequently sent the NCCA notice of its decision on 15 November 1993. In December 1993, the NCCA petitioned for judicial review of the Board's decision, excepting to the decision on the following grounds:
a. The Board's denial was made upon unlawful procedure in that the Board failed to provide the NCCA with a written statement of the reasons for denying the NCCA's rule-making petition, as required by G.S. 150B-20(c);
b. The Board's denial was unsupported by substantial evidence in view of the entire record; and
c. The Board's denial was arbitrary and capricious.
The trial court denied and dismissed the petition, finding that the case was not subject to review under G.S. §§ 150B-20(d) or 150B-43, and that the court did not have subject matter jurisdiction over the petition.
The dispositive issue is whether the trial court erred in dismissing the petition for lack of jurisdiction. We conclude the trial court had no jurisdiction and affirm its order dismissing the petition.
G.S. § 150B-20(c) provides in relevant part:
If an agency denies a rule-making petition, it must send the person who submitted the petition a written statement of the reasons for denying the petition. If an agency grants a rule-making petition, it must inform the person who submitted the rule-making petition of its decision and must initiate rule-making proceedings.
Thus, if a rule-making petition is denied, the agency must provide the petitioner with a written statement of the reasons for the denial. G.S. § 150B-20(d) then provides for judicial review of the denial.
If, however, as in this case, the agency grants a rule-making petition, subsequent *541 procedures for considering and adopting the rule are governed by either G.S. § 150B-21.1 for temporary rules, or § 150B-21.2 for permanent rules. Notably, neither of these sections provides for judicial review if the agency does not adopt or amend the rule after following the required procedures. Nor is judicial review available in such a case under G.S. § 150B-43, which provides a right to judicial review for "[a]ny person who is aggrieved by the final decision in a contested case...." However, G.S. § 150B-2(2) expressly excludes "rulemaking" from its definition of a "contested case." Thus, inasmuch as the Board of Education's decision not to amend the rule was a "rulemaking" decision, it is not subject to judicial review and the trial court properly dismissed the NCCA's petition for judicial review for lack of jurisdiction. Accordingly, the decision of the trial court is
Affirmed.
JOHNSON and MARK D. MARTIN, JJ., concur.