**ACT-UP TRIANGLE v. COMMISSION FOR HEALTH SERVICES**

[123 N.C. App. 256 (1996)]

ACT-UP TRIANGLE (AIDS COALITION TO UNLEASH POWER TRIANGLE), STEVEN HARRIS, AND JOHN DOE, PLAINTIFFS-APPELLANTS V. COMMISSION FOR HEALTH SERVICES OF THE STATE OF NORTH CAROLINA, DR. JESSE MEREDITH, IN HIS OFFICIAL CAPACITY AS CHAIRMAN OF THE COMMISSION FOR HEALTH SERVICES OF THE STATE OF NORTH CAROLINA, DR. RONALD H. LEVINE, IN HIS OFFICIAL CAPACITY AS STATE HEALTH DIRECTOR AND ASSISTANT SECRETARY OF HEALTH OF THE STATE OF NORTH CAROLINA, MR. JONATHAN HOWES, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF ENVIRONMENT, HEALTH, AND NATURAL RESOURCES OF THE STATE OF NORTH CAROLINA, AND MS. DEBBY CRAIN, AS DIRECTOR OF THE DIVISION OF PUBLIC AFFAIRS, DEPARTMENT OF ENVIRONMENT, HEALTH AND NATURAL RESOURCES OF THE STATE OF NORTH CAROLINA, DEFENDANTS-APPELLEES

No. COA95-843

(Filed 16 July 1996)

**Administrative Law and Procedure § 54 (NCI4th)— exercise of agency's rulemaking power—no judicial review available**

Neither the superior court nor the Court of Appeals had jurisdiction to review the Commission for Health Services' exercise of its rulemaking power with regard to anonymous HIV testing.

**Am Jur 2d, Administrative Law § 424.**

Appeal by plaintiffs from order entered 9 June 1995 by Judge Narley Cashwell in Wake County Superior Court. Heard in the Court of Appeals 17 April 1996.

*Glenn, Mills & Fisher, P.A., by Stewart W. Fisher, for plaintiff appellants.*

*Attorney General Michael F. Easley, by Special Deputy Attorney General Mabel Y. Bullock and Associate Attorney General Grady L. Balentine, Jr., for defendant appellees.*

PER CURIAM.

On 22 April 1994, plaintiffs ACT-UP Triangle (AIDS Coalition to Unleash Power Triangle), Steven Harris, and John Doe filed a "Petition for Amendment of Administrative Rule 15A NCAC 19A.0102(a)(3) with the Commission for Health Services (Commission)." The then existing rule would have eliminated anonymous HIV testing by local health departments by 1 September 1994. Plaintiffs' proposed rule would have extended anonymous HIV testing indefinitely and repealed the provision which provided for the termination of anonymous HIV testing by 1 September 1994. The

Commission met on 27 April 1994 and denied plaintiffs' petition requesting the Commission exercise its rulemaking authority.

On 9 June 1994, plaintiffs filed a complaint and petition for judicial review in Wake County Superior Court. Plaintiffs asked the court to issue a temporary restraining order, preliminary injunction and permanent injunction, thus compelling the Commission to continue its program of anonymous HIV testing in North Carolina. Plaintiffs also asked the court to reverse the final agency decision of the Commission and order the repeal of N.C. Admin. Code tit. 15A, r. 19A.0102(a)(3)   (February   1992)   (hereinafter   15A   NCAC 19A.0102(a)(3)). In addition, plaintiffs sought to introduce new evidence including statistics on the anonymous testing program and analysis conducted by the Center for Disease Control.

On 31 August 1994, Judge Gordon F. Battle heard plaintiffs' motion to allow presentation of new evidence and complaint and petition for judicial review seeking a preliminary injunction. Judge Battle stayed the final agency decision to eliminate anonymous testing and remanded the case to the Commission for hearing plaintiffs' presentation of additional evidence. Judge Battle also ordered the Commission to reconsider its decision in light of this evidence. The court enjoined defendants from eliminating anonymous HIV testing within the State of North Carolina. In addition, the court ordered defendants to maintain their current program of anonymous HIV testing until a final judicial review was completed by the court.

The Commission exercised its rulemaking authority, and on 4 November 1994, voted favorably on a compromise proposal to enact a new temporary rule which would extend anonymous HIV testing for two years of additional study. The temporary rule was passed with a provision that it would expire on 15 June 1995 if it was not adopted as a permanent rule.

Through the enactment of the temporary rule, plaintiffs partially obtained the relief sought. Judge Battle subsequently granted plaintiffs' motion, as prevailing parties, for attorney's fees and other costs on 12 December 1994.

Subsequently, on 9 February 1995, the Commission, again exercising its rulemaking authority, voted to repeal the temporary rule thereby eliminating anonymous HIV testing, in accordance with the original rule 15A NCAC 19A.0102(a)(3) that was challenged by plaintiffs. The Commission's order stated that plaintiffs' petition was

"denied" even though, in actuality, the Commission exercised its rule-making authority in hearing the evidence, in adopting the temporary rule and in repealing the same. Apparently, in denying the petition the Commission meant that it was denying the requested relief. Thereafter plaintiffs filed an amendment to the complaint and petition for judicial review, dated 8 March 1995, in superior court seeking to allege additional facts occurring after the original remand to the Commission.

On 17 May 1995, Judge Narley L. Cashwell allowed the complaint and petition for judicial review to be amended. On 9 June 1995, Judge Cashwell denied the petition to delete the provision of 15A NCAC 19A.0102(a)(3). In addition, the final agency decision of the Commission requiring the elimination of anonymous testing was affirmed.

Plaintiffs filed notice of appeal on 9 June 1995 and thereafter made a motion for stay of the judgment and continuance of the injunction. Judge Cashwell granted the motion. Respondents were ordered to continue their current program of anonymous HIV testing during appeal of this action.

The first issue presented is whether this Court or the superior court has authority to review the agency's final decision in the instant case. Appellate review of a final agency decision is governed by N.C. Gen. Stat. § 150B-51 (1993). The proper manner of appellate review depends upon the particular issues presented. *See In re Appeal of Ramseur*, 120 N.C. App. 521, 463 S.E.2d 254 (1995). However, we need not specify a standard of review in this case since there is no judicial review of the exercise of an agency's rulemaking power. *N.C. Chiropractic Assoc. v. N.C. State Bd. of Educ.*, 122 N.C. App. 122, 468 S.E.2d 539 (1996).

We note that *N.C. Chiropractic Association* had not been decided at the time the instant case was before the learned trial judge nor when the attorneys for the parties filed their briefs. *N.C. Chiropractic Association* holds that when an agency exercises its rulemaking authority by considering a rule change or amendment, subsequent procedures are governed by either N.C. Gen. Stat. § 150B-21.1 (1993 Cum. Supp.) for temporary rules, or N.C. Gen. Stat. § 150B-21.2 (1995) [§ 150B-12 (1987) was repealed and replaced by § 150B-21.2 (1995)] for permanent rules. *N.C. Chiropractic Association*, 122 N.C. App. at 124, 468 S.E.2d at 540-41.

Notably, neither of these sections provides for judicial review if the agency does not adopt or amend the rule after following the required procedures. Nor is judicial review available . . . under G.S. § 150B-43, which provides a right to judicial review for "[a]ny person who is aggrieved by the final decision in a contested case. . . ." However, G.S. § 150B-2(2) expressly excludes "rulemaking" from its definition of a "contested case."

*Id.* at 124, 468 S.E.2d at 541.

Procedurally, this case is factually similar to *N.C. Chiropractic Association.* In that case, the North Carolina Chiropractic Association (NCCA) appealed from a dismissal of its petition seeking judicial review of a decision of the North Carolina State Board of Education (Board). NCCA petitioned the Board to allow chiropractic "doctors" to perform the required annual physical examinations of prospective interscholastic athletes. The Board held a public hearing and received comments on the proposed amendment. Thereafter, the Board chose not to adopt the amendment and to leave the rule unchanged. NCCA petitioned for judicial review of the Board's decision denying the requested relief. The trial court denied and dismissed the petition since the case was not subject to review under N.C. Gen. Stat. § 150B-20(d) or § 150B-43, and because the court did not have subject matter jurisdiction. This Court affirmed.

Similarly in this case, the Commission for Health Services held an evidentiary hearing on 4 November 1994 and voted to enact a temporary rule that essentially amended the rule in effect at the time. Subsequently, the temporary rule was repealed and the Commission voted to eliminate anonymous HIV testing. Although the Commission stated that plaintiffs' petition was "denied," in actuality, the requested relief was denied, in part, after the exercise of the Commission's rulemaking authority.

It is regrettable that the Commission incorrectly used the phrase "petition denied" in the order dated 4 November 1994. This Court must determine the actual nature of the agency action and the manner of review of a final agency decision is not governed merely by the label placed on the assignment of error. *See State ex. rel. Utilities Comm'n v. Bird Oil Co.,* 302 N.C. 14, 21-22, 273 S.E.2d 232, 236 (1981). The petition was not actually denied because on remand a hearing was held to determine whether to change rule 15A NCAC 19A.0102(a)(3) and the Commission chose to eliminate anonymous HIV testing by adopting the temporary rule. Instead of denying the

plaintiffs' petition, the Commission denied the relief requested, *i.e.,* extending anonymous HIV testing indefinitely. The agency exercised its rulemaking power on three occasions, once when it held the hearing, again when it adopted the temporary rule, and finally when it repealed that rule.

In his 12 December 1994 order, Judge Battle found that plaintiffs were the prevailing parties and awarded plaintiffs attorneys fees and other costs. This action by the trial court is indicative of the fact that the original judicial review was a "final disposition." *See* N.C. Gen. Stat. § 6-19.1 (1986). After the award of attorneys fees and costs, the instant lawsuit was concluded. Thereafter, plaintiffs should not have been allowed to amend their complaint to allege facts that occurred after the lawsuit's filing and after the entry of the orders by Judge Battle.

In conclusion, no judicial review is available when an agency exercises its rulemaking power. In the instant case, we do not have the authority to exercise the power of judicial review. Because neither the superior court nor this Court has jurisdiction for the purpose of judicial review of the final agency decision, the appeal is dismissed and the case is remanded to the superior court for dismissal of the amended complaint and petition for judicial review.

Dismissed and remanded.

Panel consisting of:

Chief Judge ARNOLD, Judges MARTIN, John C., and SMITH.