ACT-UP TRIANGLE v. COMMISSION FOR HEALTH SERVICES

[345 N.C. 699 (1997)]

**[9]** The plaintiffs appeal from the court's refusal to extend the class certifications to members of the two retirement systems who become disabled in the future. They say that unless they are included, they will receive less when they retire on disability than will the members of the classes certified in this case.

The trial court has broad discretion in determining whether a case should proceed as a class action. *Id.* at 284, 354 S.E.2d at 466. We have no reason to believe the defendants will not follow the law as we have delineated it in this opinion in pension payments to future disability retirees. We cannot hold that the court abused its discretion in refusing to certify a class whose members are unknown at this time.

The judgment of the superior court is affirmed, and the case is remanded to the Superior Court, Wake County, for further proceedings.

AFFIRMED.

———

ACT-UP TRIANGLE (AIDS COALITION TO UNLEASH POWER TRIANGLE), STEVEN HARRIS, AND JOHN DOE v. COMMISSION FOR HEALTH SERVICES OF THE STATE OF NORTH CAROLINA, DR. JESSE MEREDITH, IN HIS OFFICIAL CAPACITY AS CHAIRMAN OF THE COMMISSION FOR HEALTH SERVICES OF THE STATE OF NORTH CAROLINA, DR. RONALD H. LEVINE, IN HIS OFFICIAL CAPACITY AS STATE HEALTH DIRECTOR AND ASSISTANT SECRETARY OF HEALTH OF THE STATE OF NORTH CAROLINA, MR. JONATHAN HOWES, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE DEPARTMENT OF ENVIRONMENT, HEALTH, AND NATURAL RESOURCES OF THE STATE OF NORTH CAROLINA, AND MS. DEBBY CRAIN, AS DIRECTOR OF THE DIVISION OF PUBLIC AFFAIRS, DEPARTMENT OF ENVIRONMENT, HEALTH AND NATURAL RESOURCES OF THE STATE OF NORTH CAROLINA

No. 328PA96

(Filed 11 April 1997)

**1. Administrative Law and Procedure § 54 (NCI4th); Health § 50 (NCI4th)— anonymous HIV testing—denial of rule-making petition—superior court jurisdiction to review**

The superior court had jurisdiction under N.C.G.S. § 150B-20(d) to review the denial of a rule-making petition to extend anonymous HIV testing. The denial of a rule-making petition is a final decision subject to judicial review. Here, the Commission denied plaintiff's rule-making petition; the fact that the Commission voted to enact a temporary rule extending

anonymous testing for two additional years does not change the nature of its decision. *N.C. Chiropractic Assoc. v. N.C. State Bd. of Educ.*, 122 N.C. App. 122, involved the granting rather than the denial of a petition and is not applicable.

**Am Jur 2d, Administrative Law §§ 488, 491; Health § 21.**

**What constitutes agency "action," "order," "decision," "final order," "final decision," or the like, within meaning of federal statutes authorizing judicial review of administrative action—Supreme Court cases. 47 L. Ed. 2d 843.**

2. **Administrative Law and Procedure § 69 (NCI4th); Health § 50 (NCI4th)— anonymous HIV testing—whole record review of commission**

The superior court did not err by affirming the decision of the Commission for Health Services to deny a rule-making petition to extend anonymous HIV testing. The record is replete with exhibits and affidavits on both sides of the issue of anonymous HIV testing and the whole record test does not allow the reviewing court to replace the agency's judgment as between two reasonably conflicting views.

**Am Jur 2d, Administrative Law §§ 537-544; Health § 21.**

3. **Administrative Law and Procedure § 30 (NCI4th); Health § 50 (NCI4th)— anonymous HIV testing—denial of rule-making petition—not a contested case**

The decision of the Commission of Health Services to deny a rule-making petition to extend anonymous HIV testing was not the result of unlawful procedure where the decision had been remanded from superior court for additional evidence and plaintiffs contend that they were not given the opportunity to cross-examine witnesses to which they were entitled in a contested case governed by N.C.G.S. § 150B-40, so that procedural due process was violated. The definition of contested case specifically excludes administrative rule-making, N.C.G.S. § 150B-2(2), and the Commission of Health Services is not an agency to which the provisions of N.C.G.S. § 150B-40 apply. Moreover, the remand hearing was conducted in the same manner as other meetings of the Commission. There is nothing in the record to show that the hearing was conducted improperly.

**Am Jur 2d, Administrative Law §§ 261, 345, 359, 375.**

ACT-UP TRIANGLE v. COMMISSION FOR HEALTH SERVICES

[345 N.C. 699 (1997)]

## 4. Administrative Law and Procedure § 54 (NCI4th)— anonymous HIV testing—rule-making petition—whether administrative rule violates Constitution—jurisdiction in superior court

The superior court is the proper forum for determining whether an administrative rule violates the Constitution and the jurisdiction of the superior court under N.C.G.S. § 7A-245 was properly invoked where plaintiffs' complaint and petition for judicial review alleges that the administrative rule at issue violates the state and federal Constitutions and prays for injunctive relief.

**Am Jur 2d, Administrative Law §§ 227, 228, 552.**

## 5. Constitutional Law § 84 (NCI4th)— anonymous HIV testing—constitutional privacy rights

The elimination of anonymous HIV testing in favor of confidential testing did not violate plaintiffs' constitutional privacy rights. The records to be maintained are to be strictly confidential pursuant to statutory mandate, access is strictly regulated, and violation of the statutory confidentiality provisions can result in civil and criminal penalties. The statutory security provisions are adequate to protect against potential unlawful disclosure which might otherwise render the confidential HIV testing program constitutionally infirm. N.C.G.S. § 130A-143; N.C.G.S. § 130A-18, -25.

**Am Jur 2d, Administrative Law §§ 601-604.**

Appeal as of right pursuant to N.C.G.S. § 7A-30(1), and on discretionary review pursuant to N.C.G.S. § 7A-31 of the decision of the Court of Appeals, 123 N.C. App. 256, 472 S.E.2d 605 (1996), dismissing plaintiffs' appeal from the order entered 9 June 1995 by Cashwell, J., in the Superior Court, Wake County, and remanding for dismissal of the amended complaint and petition for judicial review. Heard in the Supreme Court 14 February 1997.

*Glenn, Mills & Fisher, P.A., by Stewart W. Fisher, for plaintiff-appellants.*

*Michael F. Easley, Attorney General, by Mabel Y. Bullock, Special Deputy Attorney General, for defendant-appellees.*

*Hunton & Williams, by Craig A. Bromby, on behalf of American Civil Liberties Union of North Carolina Legal Foundation, amicus curiae.*

FRYE, Justice.

This case involves the adoption of a rule by the Commission for Health Services eliminating anonymous HIV testing by local health departments effective 1 September 1994. In light of the statutes providing for judicial review of agency decisions, we hold that, upon plaintiffs' petition for judicial review, the superior court did not err in affirming the decision of the Commission. Therefore, we must reverse the decision of the Court of Appeals.

The record in this case reflects the following: On 22 April 1994, plaintiffs ACT-UP Triangle (AIDS Coalition to Unleash Power Triangle), Steven Harris, and John Doe filed a "Petition for Amendment of Administrative Rule 15A NCAC 19A .0102(a)(3)" with the Commission for Health Services (Commission). The Commission had promulgated a rule, 15A NCAC 19A .0102(a)(3) (February 1992), that would have discontinued anonymous HIV testing by local health departments effective 1 September 1994. Plaintiffs' proposed amendment would have extended anonymous HIV testing indefinitely by repealing the provision of 15A NCAC 19A .0102(a)(3) that provided for the termination of anonymous HIV testing effective 1 September 1994. The Commission met on 27 April 1994 and rejected plaintiffs' petition. By a letter dated 9 May 1994, plaintiffs were notified that the Commission "denied by unanimous vote" their petition for amendment on 27 April 1994.

On 9 June 1994, plaintiffs filed a complaint and petition for judicial review in Superior Court, Wake County. Plaintiffs asked the court to issue a temporary restraining order, preliminary injunction, and permanent injunction compelling the Commission to continue its program of anonymous HIV testing. Plaintiffs also asked the court to reverse the final agency decision of the Commission and to order the repeal of Rule 15A NCAC 19A .0102(a)(3). In addition, plaintiffs asked the court to order the Department of Environment, Health, and Natural Resources to provide various requested public records. On 8 August 1994, plaintiffs filed a motion seeking to introduce new evidence, including additional statistics and analysis conducted by the Centers for Disease Control and Prevention.

On 31 August 1994, Judge Gordon F. Battle heard plaintiffs' motion to allow the presentation of new evidence and the complaint

**ACT-UP TRIANGLE v. COMMISSION FOR HEALTH SERVICES**

[345 N.C. 699 (1997)]

and petition for judicial review seeking a preliminary injunction. Judge Battle stayed the final agency decision, enjoined defendants from eliminating anonymous testing, and ordered defendants to maintain the current program of anonymous testing until final judicial review was completed by the court. Judge Battle then remanded the case to the Commission for hearing of plaintiffs' additional evidence and ordered the Commission to reconsider its decision in light of this evidence.

On 4 November 1994, after hearing additional evidence from plaintiffs and defendants, the Commission voted to "reaffirm [its] decision to deny" plaintiffs' petition for amendment of 15A NCAC 19A .0102(a)(3). The Commission then voted to enact a temporary rule extending anonymous testing for two additional years. The temporary rule was to expire on 15 June 1995 without the passage of a permanent rule. On 12 December 1994, Judge Battle granted plaintiffs' motion, as prevailing parties, for attorney's fees and other costs.

On 9 February 1995, the Commission voted against the adoption of the temporary rule as a permanent rule, thus effectively eliminating anonymous HIV testing in accordance with the original Rule 15A NCAC 19A .0102(a)(3). Thereafter, on 9 March 1995, plaintiffs filed a motion to amend their complaint and petition for judicial review in order to allege facts which occurred since the original filing and since the entry of the orders of Judge Battle. Judge Narley L. Cashwell allowed this amendment on 17 May 1995.

On 9 June 1995, Judge Cashwell entered an order denying plaintiffs' petition to delete the provision of 15A NCAC 19A .0102(a)(3) which provided that anonymous HIV testing would be discontinued effective 1 September 1994, and affirmed the decision of the Commission to eliminate anonymous HIV testing. That same day, plaintiffs filed a notice of appeal and made a motion for stay of the order and continuance of the injunction. Judge Cashwell granted the motion, enjoining the elimination of anonymous HIV testing.

The Court of Appeals, in a *per curiam* opinion, held that

no judicial review is available when an agency exercises its rulemaking power. In the instant case, we do not have the authority to exercise the power of judicial review. Because neither the superior court nor this Court has jurisdiction for the purpose of judicial review of the final agency decision, the appeal is dismissed and the case is remanded to the superior court for

dismissal of the amended complaint and petition for judicial review.

*ACT-UP Triangle v. Commission for Health Services*, 123 N.C. App. 256, 260, 472 S.E.2d 605, 608 (1996).

On 31 July 1996, this Court allowed plaintiffs' motion for a temporary stay. On 5 September 1996, this Court allowed plaintiffs' petition for writ of supersedeas; denied the Attorney General's motion to dismiss the notice of appeal of a constitutional question filed by plaintiffs, thereby retaining the notice of appeal; and allowed plaintiffs' petition for discretionary review.

[1] The first issue on this appeal is whether the North Carolina courts have jurisdiction under the Administrative Procedure Act (APA) to review the denial of a rule-making petition. The Court of Appeals in the case *sub judice* held that "there is no judicial review of the exercise of an agency's rulemaking power." *Id.* at 258, 472 S.E.2d at 607. After reviewing the proceedings involved in this case, we conclude that the superior court had the authority to review the Commission's final decision.

The procedure for petitioning an administrative agency to adopt a rule is set forth in N.C.G.S. § 150B-20(a). Upon receiving such a petition, the agency must grant or deny the petition within the time limits set forth in N.C.G.S. § 150B-20(b). After granting or denying the petition, the agency must take the action set forth in N.C.G.S. § 150B-20(c) relating to notice and publication of the proposed rule. If the agency denies the petition, judicial review of that decision is available: "Denial of a rule-making petition is a final agency decision and is subject to judicial review under Article 4 of this Chapter." N.C.G.S. § 150B-20(d) (1995). Thus, in the instant case, the issue is whether the Commission denied plaintiffs' rule-making petition such that judicial review was available pursuant to N.C.G.S. § 150B-20(d).

Contrary to the conclusion of the Court of Appeals, we conclude that the Commission denied the plaintiffs' rule-making petition, and therefore, judicial review of the decision to deny the petition was available pursuant to N.C.G.S. § 150B-20(d). On 27 April 1994, the Commission denied plaintiffs' rule-making petition, and in a letter mailed to plaintiffs on 9 May 1994, the Commission stated that "the rulemaking petition was *denied* by unanimous vote of the Commission." (Emphasis added.) On 9 June 1994, plaintiffs filed a complaint and petition for judicial review in Superior Court,

Wake County. Pursuant to N.C.G.S. § 150B-51(b), Judge Battle remanded the case to the Commission for the hearing of additional evidence.

The Commission denied the rule-making petition a second time on 4 November 1994, after the case was remanded for the hearing of additional evidence. The Commission voted six to five to "reaffirm [its] decision to deny the rule making petition submitted by ACT-UP Triangle in April, 1994."

It was upon the Commission's *denial* of their rule-making petition that plaintiffs sought judicial review. The fact that the Commission voted to enact a temporary rule extending anonymous testing for two additional years does not change the nature of its decision with respect to plaintiffs' rule-making petition. The Commission did exercise its rule-making power in adopting the temporary rule, but it was because the Commission declined to exercise its rule-making power with respect to plaintiffs' rule-making petition that judicial review was available to plaintiffs.

The Court of Appeals relied on *N.C. Chiropractic Assoc. v. N.C. State Bd. of Educ.*, 122 N.C. App. 122, 468 S.E.2d 539, *disc. rev. denied*, 343 N.C. 513, 472 S.E.2d 16 (1996), to support its conclusion that judicial review was not available in the instant case. We find that case inapposite.

In that case, the North Carolina Chiropractic Association (NCCA) petitioned the North Carolina State Board of Education (Board) to amend a rule to allow doctors of chiropractic to perform required annual physical examinations of prospective interscholastic athletes. The Board granted the petition and initiated public rule-making procedures. After a public hearing and after receiving comments on the proposed amendment, the Board declined to adopt the amendment.

The NCCA petitioned for judicial review of the Board's decision. On appeal, the Court of Appeals held that if "the agency *grants* a rule-making petition, subsequent procedures for considering and adopting the rule are governed by either G.S. § 150B-21.1 for temporary rules, or § 150B-21.2 for permanent rules." *Id.* at 124, 468 S.E.2d at 540-41 (emphasis added). Since neither of those sections provided for judicial review where the agency followed the required procedures but did not adopt or amend the rule, the Court of Appeals affirmed the decision of the trial court which dismissed the petition for judicial review for lack of jurisdiction. *Id.* at 124, 468 S.E.2d at 541.

In contrast, the Commission for Health Services, in the instant case, did *not* grant plaintiffs' rule-making petition. The Commission denied it. Since the Commission *denied* plaintiffs' rule-making petition, the holding of *N.C. Chiropractic Assoc.* does not apply. We conclude that the superior court had jurisdiction pursuant to N.C.G.S. § 150B-20(d) for judicial review of the Commission's denial of the plaintiffs' rule-making petition, and accordingly, we reverse the Court of Appeals' decision on this issue.

[2] Having determined that jurisdiction existed for the superior court's judicial review, the second issue is whether there is a lack of substantial evidence in the record to support the Commission's denial of the rule-making petition and whether the denial was arbitrary and capricious. After reviewing the whole record, we conclude that there is substantial evidence to support the Commission's denial of plaintiffs' rule-making petition and that the denial was not arbitrary and capricious.

The proper standard for the superior court's judicial review "depends upon the particular issues presented on appeal." *Amanini v. N.C. Dep't of Human Resources*, 114 N.C. App. 668, 674, 443 S.E.2d 114, 118 (1994). When the petitioner "questions (1) whether the agency's decision was supported by the evidence or (2) whether the decision was arbitrary or capricious, then the reviewing court must apply the 'whole record' test." *In re Appeal by McCrary*, 112 N.C. App. 161, 165, 435 S.E.2d 359, 363 (1993). *See also Associated Mechanical Contractors v. Payne*, 342 N.C. 825, 467 S.E.2d 398 (1996) (concluding that the proper standard of review of agency decisions to determine the sufficiency of the evidence is the "whole record" test). "The 'whole record' test requires the reviewing court to examine all competent evidence (the 'whole record') in order to determine whether the agency decision is supported by 'substantial evidence.' " *Amanini*, 114 N.C. App. at 674, 443 S.E.2d at 118.

As to appellate review of a superior court order regarding an agency decision, "the appellate court examines the trial court's order for error of law. The process has been described as a twofold task: (1) determining whether the trial court exercised the appropriate scope of review and, if appropriate, (2) deciding whether the court did so properly." *Id.* at 675, 443 S.E.2d at 118-19. "As distinguished from the 'any competent evidence' test and a *de novo* review, the 'whole record' test 'gives a reviewing court the capability to determine whether an administrative decision has a rational basis in the evi-

dence.'" *Bennett v. Hertford County Bd. of Educ.*, 69 N.C. App. 615, 618, 317 S.E.2d 912, 915 (quoting *Overton v. Goldsboro City Bd. of Educ.*, 304 N.C. 312, 322, 283 S.E.2d 495, 501 (1981)), *cert. denied*, 312 N.C. 81, 321 S.E.2d 893 (1984).

In the instant case, the record indicates that the superior court employed the correct standard of review since the order affirming the decision of the Commission stated that the final agency decision of the Commission "was supported upon the whole record." We must now determine whether the scope of this review was exercised properly.

We note first that the record in the instant case is replete with exhibits and affidavits from plaintiffs and defendants on both sides of the issue of anonymous HIV testing. Nonetheless, plaintiffs contend that the Commission's decision to eliminate anonymous HIV testing was not based on substantial evidence and a careful consideration of the evidence in the record, that the decision was politically motivated, and that the cutoff date for anonymous testing was arbitrary.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State ex rel. Comm'r of Ins. v. N.C. Fire Ins. Rating Bureau*, 292 N.C. 70, 80, 231 S.E.2d 882, 888 (1977). Moreover, in determining whether an agency decision is arbitrary or capricious,

> the reviewing court does not have authority to override decisions within agency discretion when that discretion is exercised in good faith and in accordance with law.
>
> The "arbitrary or capricious" standard is a difficult one to meet. Administrative agency decisions may be reversed as arbitrary or capricious if they are "patently in bad faith," or "whimsical" in the sense that "they indicate a lack of fair and careful consideration" or "fail to indicate 'any course of reasoning and the exercise of judgment' . . . ." *Comm'r of Ins. v. Rate Bureau*, 300 N.C. at 420, 269 S.E.2d at 573 (citations omitted).

*Lewis v. N.C. Dep't of Human Resources*, 92 N.C. App. 737, 740, 375 S.E.2d 712, 714 (1989) (citation omitted).

After reviewing the record, we conclude that it contains sufficient substantial evidence to support the Commission's decision to eliminate anonymous testing in favor of confidential testing. "The 'whole record' test does not allow the reviewing court to replace the

[agency]'s judgment as between two reasonably conflicting views, even though the court could justifiably have reached a different result had the matter been before it *de novo.*" *Thompson v. Wake County Bd. of Educ.*, 292 N.C. 406, 410, 233 S.E.2d 538, 541 (1977). Thus, the superior court properly employed the whole record test in its judicial review of the Commission's decision to deny plaintiffs' rule-making petition. Accordingly, we conclude that the superior court did not err in affirming the decision of the Commission to deny plaintiffs' rule-making petition.

[3] The next issue on this appeal is whether the decision to eliminate anonymous HIV testing was based upon an unconstitutional procedure. While plaintiffs do not explicitly state the jurisdictional basis for this issue, N.C.G.S. § 150B-51(b)(3) confers jurisdiction on the court to affirm, reverse, or modify an agency's decision if that decision is made upon unlawful procedure. Plaintiffs contend that the remand hearing ordered by Judge Battle on 31 August 1994 was conducted by the Commission as a "contested case" and thus was governed by N.C.G.S. § 150B-40, which provides for the opportunity to cross-examine witnesses. Plaintiffs further contend that they were not given the opportunity to cross-examine witnesses and therefore the Commission's decision as a result of the remand hearing violated procedural due process. We disagree.

We note first that the definition of "contested case" specifically excludes administrative rule-making. N.C.G.S. § 150B-2(2) (1995). Second, N.C.G.S. § 150B-38 lists the agencies to which Article 3A of the Administrative Procedure Act applies, and this list does not include the Commission for Health Services. Thus, the provisions of N.C.G.S. § 150B-40 of Article 3A do not apply to hearings conducted by the Commission.

Moreover, the remand hearing was conducted in the same manner as other meetings of the Commission and was not conducted as a "contested case." Twenty-seven exhibits and twelve speakers were presented by plaintiffs. The floor was then opened to the public; four individuals spoke in favor of the continuation of anonymous testing and four spoke against it. Finally, plaintiffs' counsel was offered an opportunity to present a rebuttal, which he accepted, and thus he was the final speaker before the Commission discussed the action it would take. We find nothing in the record to show that the remand hearing was conducted improperly, and accordingly, we reject plaintiffs' argument that the Commission's decision to reaffirm

its denial of plaintiffs' rule-making petition was the result of unlawful procedure.

[4] The fourth issue is whether the North Carolina courts have the power to review administrative rule-making decisions on constitutional grounds. Plaintiffs contend that N.C.G.S. § 7A-245 confers jurisdiction on the superior court to determine whether 15A NCAC 19A .0102(a)(3), eliminating anonymous HIV testing, is unconstitutional. We agree.

N.C.G.S. § 7A-245 provides in pertinent part:

(a) The superior court division is the proper division without regard to the amount in controversy, for the trial of civil actions where the principal relief prayed for is

(1) Injunctive relief against the enforcement of any statute, ordinance, or regulation;

(2) Injunctive relief to compel enforcement of any statute, ordinance, or regulation;

(3) Declaratory relief to establish or disestablish the validity of any statute, ordinance, or regulation; or

(4) The enforcement or declaration of any claim of constitutional right.

By this statute, "the General Assembly has specifically provided that civil actions are brought properly in Superior Court when the principal relief prayed [for] is enforcement of a claim of constitutional right or injunctive relief against the enforcement of a statute." *White v. Pate*, 308 N.C. 759, 763, 304 S.E.2d 199, 202 (1983). We have held that the superior court is the proper forum for a claim to enforce an administrative rule and for a declaration that certain contracts were void and unenforceable as against public policy and the Constitution. *State v. Whittle Communications*, 328 N.C. 456, 463, 402 S.E.2d 556, 560 (1991). Thus, it follows that the superior court is the proper forum for determining whether an administrative rule violates the Constitution. *See id.*

In the instant case, the plaintiffs' complaint and petition for judicial review states that "the elimination of anonymous HIV testing infringes upon the liberty rights, privacy rights, and due process rights of [plaintiffs] and all other North Carolina citizens as guaranteed by Article I, § 1, § 19, § 23, § 35, and § 36 of the North Carolina

Constitution and the Fourth Amendment, Fifth Amendment, Ninth Amendment, and Fourteenth Amendment of the United States Constitution." Plaintiffs requested that the court "issue a temporary restraining order, preliminary injunction, and final injunction, compelling the Commission for Health Services to continue its program of anonymous HIV testing in the State of North Carolina." Plaintiffs' complaint and petition for judicial review alleges that the administrative rule at issue violates the state and federal Constitutions and prays for injunctive relief. Accordingly, we conclude that the jurisdiction of the superior court under N.C.G.S. § 7A-245 was properly invoked.

[5] The final issue in this appeal is whether the elimination of anonymous HIV testing is an unconstitutional violation of plaintiffs' privacy rights. Plaintiffs contend that eliminating anonymous HIV testing violates their right to privacy in personal medical information under both the United States and North Carolina Constitutions. We disagree.

Under the United States Constitution, plaintiffs contend that the Supreme Court's decision in *Whalen v. Roe*, 429 U.S. 589, 51 L. Ed. 2d 64 (1977), recognized a constitutional right to privacy in personal medical information. In that case, a New York statute which required physicians to identify patients obtaining certain prescription drugs having potential for abuse was challenged as violating the patients' privacy rights. The Supreme Court noted that the "zone of privacy" cases "involved at least two different kinds of interests. One is the individual interest in avoiding disclosure of personal matters, and another is the interest in independence in making certain kinds of important decisions." *Id.* at 598-600, 51 L. Ed. 2d at 73 (footnotes omitted). After evaluating the security issues regarding the patient-identification requirements of the statute, the Supreme Court upheld the statute, stating that the statute "does not, on its face, pose a sufficiently grievous threat to either interest to establish a constitutional violation." *Id.* at 600, 51 L. Ed. 2d at 74.

While relying on *Whalen* for the proposition that the Supreme Court recognized a constitutional right to privacy in personal medical information, plaintiffs contend that the basis for the Court's ruling in *Whalen* can be distinguished from the instant case. Despite plaintiffs' contentions, we are not convinced that the instant case is distinguishable from *Whalen* because of the measures in place to ensure confidentiality. N.C.G.S. § 130A-12 provides that all privileged patient

medical records in the possession of the Department of Health or local health departments are confidential and are not public records. Further, N.C.G.S. § 130A-143 provides that all information and records that identify a person who has AIDS or any other reportable disease or condition shall be held strictly confidential. Violation of these sections is punishable both civilly, N.C.G.S. § 130A-18 (1995), and criminally, N.C.G.S. § 130A-25 (1995).

We find the reasoning of the *Whalen* Court in discussing the disclosure of the patients' identities to the New York Department of Health particularly persuasive:

> Even without public disclosure, it is, of course, true that private information must be disclosed to the authorized employees of the New York Department of Health. Such disclosures, however, are not significantly different from those that were required under the prior law. Nor are they meaningfully distinguishable from a host of other unpleasant invasions of privacy that are associated with many facets of health care. Unquestionably, some individuals' concern for their own privacy may lead them to avoid or to postpone needed medical attention. Nevertheless, disclosures of private medical information to doctors, to hospital personnel, to insurance companies, and to public health agencies are often an essential part of modern medical practice even when the disclosure may reflect unfavorably on the character of the patient. Requiring such disclosures to representatives of the State having responsibility for the health of the community, does not automatically amount to an impermissible invasion of privacy.

*Whalen*, 429 U.S. at 602, 51 L. Ed. 2d at 75 (footnote omitted).

In the instant case, the General Assembly has determined that certain listed communicable diseases and conditions must be reported to local health directors in order to facilitate control of these diseases and conditions. N.C.G.S. §§ 130A-135 to -144 (1995). Pursuant to this legislative mandate, the Commission promulgated rules governing the method of reporting communicable diseases. 15A NCAC 19A .0102. While arguments can be and have been made that the previous program of exempting HIV testing from the reporting requirements is the better policy because of the stigma attached to this particular disease, we do not find that the proposed confidential testing program violates plaintiffs' privacy rights in their personal medical information. As the Supreme Court stated in *Whalen*, "[s]tate legislation which has some effect on individual liberty or

privacy may not be held unconstitutional simply because a court finds it unnecessary, in whole or in part. For we have frequently recognized that individual States have broad latitude in experimenting with possible solutions to problems of vital local concern." *Whalen*, 429 U.S. at 597, 51 L. Ed. 2d at 72 (footnotes omitted).

Our conclusion does not change under the North Carolina Constitution. In *Treants Enters., Inc. v. Onslow County*, 83 N.C. App. 345, 350 S.E.2d 365 (1986), *aff'd*, 320 N.C. 776, 360 S.E.2d 783 (1987), the Court of Appeals held that a county licensing ordinance which required "companionship services" to keep permanent records of their patrons violated both the federal and state Constitutions. The Court of Appeals noted that "[t]he ordinance's records requirement implicates a valid individual interest in avoiding disclosure of personal matters," *id.* at 359, 350 S.E.2d at 374, and then distinguished the ordinance in that case from the statute at issue in *Whalen*. The Court of Appeals looked to the security provisions that accompanied the statute in *Whalen*, including the fact that "the statute expressly prohibited public disclosure of the information," and concluded that "[t]he Onslow County ordinance contains no comparable security provisions and grants authority to *any* law enforcement officer to inspect the records." *Id.* at 358, 350 S.E.2d at 374.

The distinction drawn between the Onslow County ordinance and the statute at issue in *Whalen* is instructive in the instant case. The records to be maintained in connection with the elimination of anonymous HIV testing are to be held strictly confidential pursuant to statutory mandate. N.C.G.S. § 130A-143. Violation of the statutory confidentiality provisions can result in civil and criminal penalties. N.C.G.S. §§ 130A-18, -25. Access to the records is strictly regulated. N.C.G.S. § 130A-143. We conclude that the statutory security provisions are adequate to protect against potential unlawful disclosure which might otherwise render the confidential HIV testing program constitutionally infirm.

We conclude that the superior court did not err in affirming the Commission's decision to deny plaintiffs' rule-making petition. We further conclude that the elimination of anonymous HIV testing in favor of confidential testing does not violate plaintiffs' constitutional privacy rights. Accordingly, we reverse the decision of the Court of Appeals.

REVERSED.