DAVID WARREN DEW, Plaintiff/Appellee v. STATE OF NORTH CAROLINA *ex rel.*
THE NORTH CAROLINA DEPARTMENT OF MOTOR VEHICLES, ALEXANDER
KILLENS, COMMISSIONER, Defendant/Appellant

No. 96-1216

(Filed 19 August 1997)

**1. Administrative Law and Procedure § 67 (NCI4th)— judicial review—arbitrary or capricious decision—whole record test**

Judicial review of whether an agency's decision was arbitrary or capricious requires a "whole record" review, which requires the reviewing court to examine all competent evidence to determine whether the agency decision was supported by "substantial evidence."

**2. Automobiles and Other Vehicles § 172 (NCI4th)— felony involving marijuana—moral turpitude—revocation of dealer's and salesman's licenses**

The felony of conspiracy to possess with the intent to distribute marijuana is, as a matter of law, a crime involving moral turpitude within the meaning of the statute permitting the Department of Motor Vehicles to revoke a motor vehicle dealer's license and a motor vehicle salesman's license upon the licensee's conviction of a felony involving moral turpitude. N.C.G.S. § 20-294(9).

Appeal by defendant from order entered 26 July 1996 by Judge D. Jack Hooks in Columbus County Superior Court. Heard in the Court of Appeals 30 April 1997.

*Lee & Lee, Attorneys, by Junius B. Lee, III, for plaintiff-appellee.*

*Attorney General Michael F. Easley, by Assistant Attorney General Bryan E. Beatty, for defendant-appellant.*

McGEE, Judge.

On 6 October 1995, the Commissioner of the North Carolina Department of Motor Vehicles (DMV) revoked plaintiff David Warren Dew's motor vehicle dealer's license and motor vehicle salesman's license. This action resulted from plaintiff's 1 June 1995 conviction in federal district court for conspiracy to possess with the intent to distribute marijuana in violation of 21 USC § 846, a Class E felony.

Plaintiff filed this action on 31 October 1995, along with an application for a temporary restraining order, which was thereafter granted. In an order entered 26 July 1996, the trial court reversed DMV's decision and reinstated plaintiff's licenses. The trial court concluded as a matter of law that plaintiff's felony conviction of conspiracy to possess with intent to distribute marijuana was *not a felony involving moral turpitude* upon which the Commissioner of DMV has authority to suspend or revoke licenses.

The issue before this Court is whether conspiracy to possess with the intent to distribute marijuana is a crime involving moral turpitude.

[1] The standard of review for the superior court of a final agency decision "depends upon the particular issues presented on appeal." *ACT-UP Triangle v. Commission for Health Services*, 345 N.C. 699, 706, 483 S.E.2d 388, 392 (1997); *Amanini v. N.C. Dept. of Human Resources*, 114 N.C. App. 668, 674, 443 S.E.2d 114, 118 (1994). N.C. Gen. Stat. § 150B-51(b) provides:

> [T]he court reviewing a final decision may affirm the decision of the agency or remand the case for further proceedings. It may also reverse or modify the agency's decision if the substantial rights of the petitioners may have been prejudiced because the agency's findings, inferences, conclusions, or decisions are:

> * * *

> (3) Made upon unlawful procedure;

> (4) Affected by other error of law;

> * * *

> (6) Arbitrary or capricious.

G.S. § 150B-51(b) (1995). Plaintiff alleged in his complaint that DMV's decision was prejudicial to him under all the above provisions.

Judicial review of whether an agency decision was based on an error of law requires a *de novo* review. *Walker v. N.C. Dept. of Human Resources*, 100 N.C. App. 498, 502, 397 S.E.2d 350, 354 (1990), *review denied*, 328 N.C. 98, 402 S.E.2d 430 (1991). When the plaintiff questions "whether the decision was arbitrary or capricious," the 'whole record' test must be applied. *ACT-UP*, 345 N.C. at 706, 483 S.E.2d at 392 (citation omitted). The 'whole record' test requires the reviewing court to examine all competent evidence (the 'whole

record') in order to determine whether the agency decision is supported by 'substantial evidence.' *Id.* (internal quotes omitted) (quoting *Amanini*, 114 N.C. App. at 674, 443 S.E.2d at 118).

[2] DMV administers Chapter 20, Article 12 of the N.C. General Statutes, also known as the Motor Vehicle Dealers and Manufacturers Licensing Law. *See* N.C. Gen. Stat. § 20-285 *et. seq.* (1993). A DMV hearing officer held plaintiff in violation of G.S. § 20-294, which states in pertinent part:

> The Division may deny, suspend, or revoke a license issued under this Article for any one or more of the following grounds:
>
> * * *
>
> (9) . . . being convicted of a felony involving ***moral turpitude*** under the laws of this State, another state, or the United States.

G.S. § 20-294 (1993) (emphasis added). The trial court made no findings that DMV acted in an arbitrary or capricious manner, and reversed DMV's decision based solely upon its conclusion of law that plaintiff's crime was not one involving moral turpitude. Pursuant to the requirements set forth in *ACT-UP*, we review the superior court's order regarding its agency review for error of law. *ACT-UP*, 345 N.C. at 706, 483 S.E.2d at 392. Therefore, we must determine if the trial court's conclusion of law that plaintiff's crime was not one involving moral turpitude was in error.

Contrary to plaintiff's contention, the term 'moral turpitude' is deeply rooted in American law. *See Jordan v. De George*, 341 U.S. 223, 227, 95 L. Ed. 886, 890 (1951). Our Supreme Court long ago defined crimes involving moral turpitude as "act[s] of baseness, vileness, or depravity in the private and social duties that a man owes to his fellowman or to society in general." *Jones v. Brinkley*, 174 N.C. 23, 27, 93 S.E. 372, 373 (1917). The Court recently repeated this definition in *State v. Mann*, 317 N.C. 164, 170, 345 S.E.2d 365, 369 (1986).

In a recent federal decision from the Middle District of North Carolina, the court stated "[v]irtually all courts agree that narcotics possession *with intent to distribute* is a crime involving moral turpitude." *Alexander v. Exxon Co.*, 949 F. Supp. 1248, 1253 (M.D.N.C. 1996) (quoting *Portaluppi v. Shell Oil Co.*, 684 F. Supp. 900, 904 (E.D. Va. 1988) *aff'd* 869 F.2d 245 (4th Cir. 1989)); *see also United States ex rel. Deluca v. O'Rourke*, 213 F.2d 759, 762 (8th Cir. 1954) ("there can

be nothing more depraved or morally indefensible than conscious participation in the illicit drug traffic."). The Supreme Court of South Carolina, which similarly defines acts of moral turpitude as those involving "baseness, vileness, or depravity in private and social duties which man owes to his fellow man or to society in general," recently held trafficking in marijuana to be a crime involving moral turpitude. *Green v. Hewett*, 407 S.E.2d 651, 652 (S.C. 1991).

We hold as a matter of law that the felony of 'conspiracy to possess with intent to distribute marijuana' is a crime involving moral turpitude. Therefore, the trial court erred in its conclusion of law and the order of the trial court is hereby reversed. This matter is remanded to the superior court for subsequent remand to DMV with direction to reinstate DMV's order of 6 October 1995 consistent with our opinion herein.

Reversed and remanded.

Judges COZORT and MARTIN, John C., concur.

Judge Cozort participated in this opinion prior to his resignation on 31 July 1997.