IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-532

 Filed: 17 September 2019

Wake County, No. 09 CVS 18049

JOHN BAKER WARREN, Petitioner,

 v.

N.C. DEPARTMENT OF CRIME CONTROL AND PUBLIC SAFETY/NORTH
CAROLINA HIGHWAY PATROL, Respondent.

 Appeal by respondent from order entered 30 October 2017 by Judge Donald W.

Stephens in Wake County Superior Court. Heard in the Court of Appeals 13 March

2019.

 The McGuinness Law Firm, by J. Michael McGuinness, for petitioner-appellee.

 Attorney General Joshua H. Stein, by Special Deputy Attorney General
 Tammera S. Hill, for respondent-appellant.

 Essex Richards, P. A., by Norris A. Adams, II, for Amicus Curiae North
 Carolina Fraternal Order of Police.

 BRYANT, Judge.

 Where the superior court properly determined respondent did not have just

cause to terminate petitioner, we affirm the superior court’s ruling.

 The full background of this case is set forth by this Court in Warren v. N.C.

Dep’t of Crime Control & Pub. Safety; N.C. Highway Patrol (Warren I), 221 N.C. App.

376, 726 S.E.2d 920 (2012). The facts and procedural history relevant to this appeal

are as follows:
 WARREN V. NCDCCPS

 Opinion of the Court

On 7 October 2007, the North Carolina State Highway
Patrol (the “Patrol”), a division of the North Carolina
Department of Crime Control and Public Safety
(“respondent”), dismissed Sergeant John Baker Warren
(“petitioner”). The dismissal was based on the Patrol’s
determination that petitioner had engaged in unacceptable
personal conduct in an alcohol-related incident.

Shortly after midnight on 9 September 2007, petitioner
stowed an open bottle of vodka in the trunk of his Patrol-
issued vehicle and drove to a party. He could have used his
personal vehicle, but he elected not to because he was
concerned that he would wake his aunt (with whom he was
residing at the time) in an effort to get the keys to his
personal vehicle. After petitioner arrived at the party,
deputies of the Nash County Sheriff’s Office were called
because of an altercation between two women. The
deputies arrested petitioner, who had consumed a
significant amount of alcohol at some point that evening,
because they believed he was already impaired before
driving to the party.

After an investigation by Internal Affairs, the Patrol
dismissed Petitioner for violating the Patrol’s written
policies on “conformance to laws” and “unbecoming
conduct.” Petitioner filed a contested case petition
challenging his termination. The administrative law judge
(“ALJ”) found that the Patrol failed to prove just cause for
termination but acknowledged that some discipline was
appropriate. The State Personnel Commission (“SPC”)
adopted the ALJ’s findings of fact but rejected the ALJ’s
conclusion of law that termination was inappropriate.
Petitioner appealed to Wake County Superior Court.

The [superior] court reversed the SPC, concluding
Petitioner’s conduct did not justify termination. The
[superior] court concluded that petitioner violated the
Patrol’s written [policy for] conduct unbecoming [] by

 -2-
 WARREN V. NCDCCPS

 Opinion of the Court

 operating a state-owned vehicle after consuming “some
 quantity of alcohol.” The [superior] court also concluded
 that petitioner did not violate the Patrol’s written
 conformance to laws policy because there was insufficient
 evidence to establish that he was appreciably impaired at
 the time he operated a motor vehicle upon the highways of
 this state. The [superior] court held as a matter of law that
 petitioner’s conduct did not justify dismissal. The case was
 remanded to the SPC for imposition of discipline
 “consistent with the lesser misconduct proven.”

 Respondent [noted its first appeal to this Court].

Id. at 377–78, 726 S.E.2d at 922.

 Respondent’s first appeal was heard before a panel of this Court and a written

opinion issued on 19 June 2012. Noting that respondent’s specific disciplinary

sanction must constitute just cause based on petitioner’s specific misconduct, this

Court in Warren I required the superior court on remand to resolve the conflict

between the ALJ’s finding of fact (that respondent failed to prove petitioner drove his

Patrol vehicle with any alcohol in his system) and the superior court’s finding (that

petitioner consumed some amount of alcohol prior to driving).1 This Court vacated

and remanded the case back to the superior court to make the necessary findings of

 1 In its decision, the ALJ had stated: “[t]he credible evidence presented does not support a
conclusion that [petitioner] had alcohol in his system when he arrived at the [private] residence.
Thereafter, the superior court had stated: “the evidence and fact findings are sufficient to show that
[p]etitioner had consumed some quantity of alcohol before or during the driving in question. However,
such evidence and findings are insufficient to establish that [p]etitioner drove with an alcohol
concentration in excess of the legal limit[.]”

 -3-
 WARREN V. NCDCCPS

 Opinion of the Court

fact and conclusions of law in accordance with a three-pronged analytical framework

set forth in that opinion.

 Pursuant to the Warren I mandate, the superior court on remand issued a

judgment dated 16 February 2015, concluding that respondent did not have just

cause to terminate petitioner because “the allegation of driving while impaired [was]

not substantiated” and termination based on that allegation “would constitute

disparate treatment.” Petitioner filed a motion for reconsideration and to set aside

the 16 February 2015 judgment. On 30 October 2017, the superior court amended

the 16 February 2015 judgment to clarify the award of back pay, including pay

increases, and retirement benefits. On 29 November 2018, respondent noted the

instant appeal to this Court.

 _________________________________________________________

 Respondent’s sole argument is that the superior court erred in its

determination that respondent lacked just cause to terminate petitioner’s

employment. We disagree.

 We review the superior court’s order for errors of law under “a twofold task: (1)

determining whether the [superior] court exercised the appropriate scope of review

and, if appropriate, (2) deciding whether the court did so properly.” ACT-UP Triangle

v. Comm’n for Health Servs. of the State of N.C., 345 N.C. 699, 706, 483 S.E.2d 388,

392 (1997) (citation and quotation marks omitted).

 -4-
 WARREN V. NCDCCPS

 Opinion of the Court

 The superior court mandate on remand was to apply a three-step inquiry to

analyze whether just cause existed to terminate petitioner’s employment. See

Warren, 221 N.C. App. at 383, 726 S.E.2d at 925 (“The proper analytical approach is

to first determine whether the employee engaged in the conduct the employer alleges.

The second inquiry is whether the employee’s conduct falls within one of the

categories of unacceptable personal conduct provided by the Administrative Code. . .

. If the employee’s act qualifies as a type of unacceptable [personal] conduct, the

tribunal proceeds to the third inquiry: whether that misconduct amounted to just

cause for the disciplinary action taken.”).

 Whether petitioner engaged in the conduct alleged

 The parties primarily dispute whether the allegations––that petitioner

violated Highway Patrol policies on conformance to laws2 and unbecoming conduct3

 2 Highway Patrol Directive H.1, § III, Conformance to Laws, states:

 Each member shall obey the laws of the United States, the State of North Carolina and
 of local jurisdiction. If facts revealed by a thorough investigation indicate there is
 substantial evidence that a member has committed acts which constitute a violation of
 a civil or criminal law, ordinance, or infraction other than a parking ordinance, then
 the member may be deemed to have violated this subsection, even if the member is not
 prosecuted or is found not guilty in court.

 3 Highway Patrol Directive H.1, § V, Unbecoming Conduct, states:

 Members shall conduct themselves at all times, both on and off duty, in such a manner
 as to reflect most favorably upon the Highway Patrol and in keeping with the high
 standards of professional law enforcement. Unbecoming conduct shall include any
 conduct which tends to bring the Patrol into disrepute, or which reflects discredit upon
 any member(s) of the Patrol, or which tends to impair the operation and efficiency of
 the Patrol or of a member, or which violates Patrol policy.

 -5-
 WARREN V. NCDCCPS

 Opinion of the Court

by operating a motor vehicle while subject to an impairing substance––were

substantiated by evidence of petitioner’s conduct.

 The superior court, as directed on remand, made a comprehensive finding that:

“based upon all the evidence of record, the [c]ourt finds that the [p]etitioner consumed

some quantity of alcohol prior to his arrival at the party and that such alcohol was in

his body at the time of the driving but he was not impaired by alcohol.” Additionally,

the superior court reviewed the record, considered the unchallenged findings as to

defendant’s alcohol level, and determined the following:

 [b]ased on the totality of the evidence presented at the
 contested case hearing, having weighed the credibility of
 the witnesses who testified, [r]espondent did not have
 sufficient evidence to terminate [p]etitioner for violation of
 Highway Patrol Directive H.1, § III, Conformance to Laws.

 In this case, the retrograde extrapolation theory was not
 proven as being sufficiently reliable to establish that
 [p]etitioner Warren was in violation of the Patrol Policy
 requiring conformance to laws. However, the retrograde
 extrapolation provided by Mr. [Paul] Glover [admitted as
 an expert in retrograde extrapolation] was sufficient to
 prove that [p]etitioner drove his state-issued patrol vehicle
 with some amount of alcohol in his system prior to arriving
 at the party, which would violate the Highway Patrol’s
 Directive on Unbecoming Conduct.

 There was substantial evidence to support the superior court’s ultimate

finding––that petitioner had been drinking prior to driving but was not impaired

while driving––as the ALJ had found that Mr. Glover’s testimony regarding

petitioner’s impairment was unreliable and failed to establish a violation of the

 -6-
 WARREN V. NCDCCPS

 Opinion of the Court

Highway Patrol policy requiring conformance to laws. Yet, the evidence shows that

petitioner did engage in conduct that established a violation of the Highway Patrol

policy relating to unbecoming conduct. Petitioner placed an open bottle of vodka in

his patrol vehicle and––through his own admission and without prior authorization–

–drove the vehicle to a private residence to engage in “drinking and hanging out”

while off duty.

 Thus, the superior court found that petitioner’s conduct, while not sufficient to

support a violation for conformance to laws, was sufficient to support a violation for

unbecoming conduct and, in doing so, properly conducted the first step in the just

cause inquiry.

Whether petitioner’s conduct falls within a category of unacceptable personal conduct

 per the Administrative Code

 Under the North Carolina Administrative Code, just cause for a disciplinary

action, including termination, can be established by a showing of: 1) unsatisfactory

job performance, including grossly inefficient job performance, or 2) unacceptable

personal conduct, which includes, inter alia, “the willful violation of known or written

work rules” and “conduct unbecoming a state employee that is detrimental to state

service.” 25 N.C. Admin. Code 01J .0604(b)(2), .0614(8)(d)–(e) (2019). A disciplinary

action is without just cause if evidence of disparate treatment is present in the

 -7-
 WARREN V. NCDCCPS

 Opinion of the Court

discipline. Poarch v. N.C. Dep’t of Crime Control & Pub. Safety, 223 N.C. App. 125,

131–32, 741 S.E.2d 315, 319–20 (2012).

 Here, the superior court concluded the following:

 12. Petitioner’s violation of Highway Patrol Directive
 H.1, § V for driving [a] Highway Patrol vehicle with alcohol
 in his body, operating a Highway Patrol vehicle off duty
 and driving it to a party for the purposes of “drinking and
 hanging out” and transporting liquor in the vehicle is
 unacceptable [personal] conduct under the North Carolina
 Administrative Code.

We agree that petitioner’s conduct of driving his patrol vehicle to a party and

consuming alcohol was unacceptable personal conduct as he acted in willful violation

of the Highway Patrol’s policies.4 In its order, the superior court concluded that

petitioner’s conduct fell within a category of unacceptable personal conduct and thus,

properly conducted the second step in the just cause inquiry.

Whether petitioner’s conduct amounted to just cause for the disciplinary action taken

 Career state employees, like petitioner, may only be discharged, suspended, or

demoted for disciplinary reasons if just cause exists. N.C. Gen. Stat. § 126-35(a)

(2019). “ ‘Just cause,’ like justice itself, is not susceptible of precise definition.” N.C.

Dep’t of Env’t & Nat. Res. v. Carroll, 358 N.C. 649, 669, 599 S.E.2d 888, 900 (2004).

 The superior court concluded the unbecoming conduct did not amount to just

cause for the specific disciplinary action taken against petitioner:

 4 See supra note 2 and 3.

 -8-
 WARREN V. NCDCCPS

 Opinion of the Court

 13. To terminate [p]etitioner based on findings that he
 drove a state owned vehicle while impaired would not have
 been treating him disparately from other members of the
 Highway Patrol. In that the allegation of driving while
 impaired is not substantiated, this Court finds and
 concludes as a matter of law that to terminate []
 [p]etitioner based on the allegations that are sustained
 would constitute disparate treatment.

 Upon consideration of respondent’s past treatment of similar violations, we

agree that petitioner’s unacceptable personal conduct does not rise to the level to

constitute just cause for termination as a matter of law because his termination was

based on disparate treatment. See Warren, 221 N.C. App. at 383, 726 S.E.2d at 925

(“Just cause must be determined based upon an examination of the facts and

circumstances of each individual case.” (citation and quotation marks omitted)).

 We acknowledge the factors outlined by our Supreme Court in Wetherington v.

N.C. Dep’t of Pub. Safety, as necessary to review whether petitioner’s unacceptable

personal conduct established just cause for his termination. 368 N.C. 583, 592, 780

S.E.2d 543, 548 (2015). Such factors include “the severity of the violation, the subject

matter involved, the resulting harm, the trooper’s work history, or discipline imposed

in other cases involving similar violations.” Id. (emphasis added); see also id. (“We

emphasize that consideration of these factors is an appropriate and necessary

component of a decision to impose discipline upon a career State employee for

unacceptable personal conduct.”).

 -9-
 WARREN V. NCDCCPS

 Opinion of the Court

 Respondent contends that petitioner’s conduct was especially egregious so as

to warrant termination. However, our review of the disciplinary actions respondent

has taken for unbecoming conduct typically resulted in either: a temporary

suspension without pay, a reduction in pay, or a demotion of title. In fact, where the

conduct was equally or more egregious than that of petitioner (i.e., threats to kill

another person, sexual harassment, assault), the employee was generally subjected

to disciplinary measures other than termination.

 While petitioner certainly engaged in unacceptable personal conduct,

termination is inconsistent with respondent’s treatment of similar conduct and, other

factors mitigate just cause for the punishment. Petitioner had an excellent work

history and tenure of service, and there was no evidence that petitioner’s actions

resulted in harm. Thus, taking into consideration all of the factors and circumstances

in this case as suggested by Wetherington, we conclude the superior court properly

determined there is no just cause for petitioner’s termination based on his conduct.

 Accordingly, for these reasons, we conclude that the superior court on remand

properly applied the approach requested by Warren I, and did not err in reversing the

SPC’s decision.

 AFFIRMED.

 Judges DILLON and ARROWOOD concur.

 - 10 -