IN THE SUPREME COURT OF NORTH CAROLINA

No. 285A23

Filed 17 October 2025

PINNACLE HEALTH SERVICES OF NORTH CAROLINA LLC d/b/a/ CARDINAL POINTS IMAGING OF THE CAROLINAS WAKE FOREST and OUTPATIENT IMAGING AFFILIATES LLC, petitioner

v.

NC DEPARTMENT OF HEALTH AND HUMAN SERVICES, DIVISION OF HEALTH SERVICE REGULATION, HEALTH CARE PLANNING & CERTIFICATE OF NEED SECTION, respondent

and

DUKE UNIVERSITY HEALTH SYSTEM, INC., respondent-intervenor


Appeal pursuant to N.C.G.S. § 7A-30(2) (2023) and N.C.G.S. § 7A-32(b) (2023) from the decision of a divided panel of the Court of Appeals, 290 N.C. App. 497 (2023), affirming a final decision entered on 19 July 2022 by Administrative Law Judge Melissa Owens Lassiter in the Office of Administrative Hearings. Heard in the Supreme Court on 17 September 2024.

*Fox Rothschild LLP, by Marcus C. Hewitt and Elizabeth Sims Hedrick, for petitioner-appellee.*

*Jeff Jackson, Attorney General, by Derek L. Hunter, Special Deputy Attorney General, for respondent-appellant.*

*Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., by Iain M. Stauffer and William F. Maddrey, for respondent-intervenor-appellant.*

BERGER, Justice.

In North Carolina, health care providers cannot simply develop, acquire, or

PINNACLE HEALTH SERVS. OF N.C. LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

expand health care facilities or services based on market demand. Instead, providers must obtain a Certificate of Need (CON) from the North Carolina Department of Health and Human Services (the Agency) before they can acquire or offer a "new institutional health service." NC Division of Health Service Regulation, Healthcare Planning and Certificate of Need Section, *Overview of Certificate of Need* (last modified Dec. 17, 2024), https://info.ncdhhs.gov/dhsr/coneed/overview.html. The CON law is essentially a form of market control premised on the idea that government restrictions on the unnecessary duplication of health service facilities can rein in increasing health care costs. Each year, the Agency, using its administrative judgment, prepares a State Medical Facilities Plan (SMFP) to determine the need for additional health care services and facilities, and it awards CONs accordingly. *See Overview of Certificate of Need*. In other words, instead of allowing market preferences to determine the allocation of resources, the CON law leaves these decisions to bureaucratic assessments.

The 2021 SMFP identified a need for one additional fixed magnetic resonance imaging (MRI) scanner in Wake County.[1] Both Duke University Health System Inc. and Pinnacle Health Services of North Carolina, LLC d/b/a Cardinal Points Imaging of the Carolinas Wake Forest and Outpatient Imaging Affiliates LLC (together, Pinnacle) filed separate CON applications with the Agency's Division of Health

---

[1] One expert testified at the hearing that it would take at least eleven years to meet the then-current need for fixed MRI scanners in Wake County under the CON distribution formula.

PINNACLE HEALTH SERVS. OF N.C. LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

Service Regulation, Healthcare Planning and Certificate of Need Section for the lone fixed MRI scanner. Duke sought to place the scanner in its diagnostic center in Raleigh, while Pinnacle proposed to place the scanner in a diagnostic center in Wake Forest. Because the Agency could only approve one application under the distribution formula, the Agency conducted a competitive review of both applications. Pinnacle's application was denied, and the Agency awarded the MRI scanner to Duke.

Pinnacle filed a contested case hearing in the Office of Administrative Hearings alleging that the decision substantially prejudiced its rights and that the Agency exceeded its authority and jurisdiction, acted erroneously, failed to follow proper procedures, acted arbitrarily and capriciously, and failed to act as required by rule or law. Following a hearing, the administrative law judge agreed, reversing the Agency's decision, and awarding the CON to Pinnacle.

Duke and the Agency appealed, arguing that the ALJ erred in reversing the Agency's comparative analysis review and that Pinnacle failed to demonstrate substantial prejudice. *Pinnacle Health Servs. of N.C. LLC v. N.C. Dep't of Health & Hum. Servs.*, 290 N.C. App. 497, 499 (2023). The Court of Appeals affirmed the decision of the ALJ, holding that appellants failed to challenge the ALJ's findings of fact which precluded review on the merits. *Id.* at 503–04.

On appeal to this Court, appellants argue that both the Court of Appeals and the ALJ incorrectly applied the standard of review and that appellants properly challenged the ALJ's findings of fact regarding the comparative analysis reversal and

PINNACLE HEALTH SERVS. OF N.C. LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

substantial prejudice determination.[2]  We affirm the Court of Appeals' judgment in part and reverse in part.

## I.  Factual and Procedural Background

Pinnacle operates medical imaging practices in Wake County.  Duke provides hospital care, medical care, education, and research across North Carolina.  The Agency is the entity responsible for the administration of North Carolina's CON laws.

The 2021 SMFP issued by the Agency includes a methodology for determining the need for additional fixed MRI scanners by service area.  Pursuant to N.C.G.S. § 131E-183(a)(1), this determination limits the number of fixed MRI scanners that can be approved.  *See* N.C.G.S. § 131E-183(a)(1) (2023).  And under the 2021 plan, the

---

[2] This Court allowed Pinnacle's petition for review of additional issues which included, among other issues, whether the Agency met "its burden in the appellate courts under N.C. Gen. Stat. § 150B-51(b) to show that the ALJ's decision had substantially prejudiced the Agency[.]"  That subsection requires the party seeking judicial reversal or modification of an ALJ's final decision to demonstrate that it "may have been prejudiced" by the decision.  *See* N.C.G.S. § 150B-51(b) (2023).  Although one could argue that it is unclear how the Agency, as a purportedly impartial administrative body, is "prejudiced" by a final decision awarding a CON to one qualified applicant over another, appellants failed to present any argument on this issue.

The issue concerning the Agency's ability to appeal, however, prompted this Court to request supplemental briefing from the parties to determine whether the Agency qualified as an "affected person" entitled to seek judicial review of an ALJ's final decision under N.C.G.S. § 131E-188(c) or some other statutory provision.  In their responses, Pinnacle and appellants *agreed* that this Court has jurisdiction over the Agency's appeal.  In fact, Pinnacle submitted the simple proposition that, under subsection 150B-43, every party to a contested case is entitled to judicial review.  By making these assertions, Pinnacle effectively waived its challenges to the Agency's ability to appeal.  Accordingly, we proceed assuming that the Agency's appeal is properly before this Court.

The other issues raised in Pinnacle's petition for review of additional issues are subsumed by those issues for which appellants noticed their appeals of right pursuant to now-repealed N.C.G.S. § 7A-30(2) (2023).

PINNACLE HEALTH SERVS. OF N.C. LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

Agency could approve only one additional fixed MRI scanner in Wake County.

On 15 April 2021, Pinnacle and Duke filed applications for the scanner pursuant to review criteria set forth in N.C.G.S. § 131E-183(a) and 10A N.C. Admin. Code 14C.2700. Pinnacle applied to place the scanner at a facility in Wake Forest which is currently serviced with mobile MRI scanners three days per week. Duke, on the other hand, proposed to place an additional scanner in a new diagnostic imaging center on the campus of Duke Raleigh Hospital in Raleigh. Duke Raleigh Hospital currently has two fixed MRI scanners.

In September 2021, the Agency found that the applications submitted by both Pinnacle and Duke conformed to regulatory criteria.[3] Project Analyst Gregory F. Yakaboski then conducted a comparative review to determine which application to approve. Yakaboski used twelve comparative factors to analyze the applications. These factors are weighted equally, and the project analyst approves the application that is found to be more effective under the most comparative factors.

Yakaboski considered the following twelve factors: (1) conformity with statutory and regulatory review criteria; (2) scope of services; (3) historical utilization of the facility; (4) geographic accessibility; (5) access by service area residents; (6) access by charity care patients; (7) access by Medicare patients; (8) access by

---

[3] A third applicant, Wake Radiology Diagnostic Imaging, Inc., also applied to acquire the fixed MRI scanner to be located at its existing imaging center in Garner. The Agency found that Wake Radiology's application did not conform with several statutory review criteria and administrative rules. Wake Radiology did not appeal the Agency's determination.

PINNACLE HEALTH SERVS. OF N.C. LLC v. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

Medicaid patients; (9) competition (access to a new or alternative provider); (10) projected average net revenue per MRI procedure; (11) projected average operating expense per MRI procedure; and (12) whether the scanner would add to the inventory. He found that two factors, geographic accessibility and access by service area residents, favored Duke. Yakaboski determined that both applications were equally effective in scope of services, competition, and adding to inventory. The remaining factors, according to Yakaboski, produced inconclusive results. On 24 September 2021, Yakaboski issued his comparative review decision concluding that Duke's application was the more effective alternative and that Duke should be awarded the CON.

On 22 October 2021, pursuant to N.C.G.S. §§ 131E-188 and 150B-23, and 26 N.C. Admin. Code. 3.0103, Pinnacle appealed the Agency's decision by filing a Petition for Contested Case Hearing in the Office of Administrative Hearings. Pinnacle challenged the Agency's conclusions with respect to four comparative factors: geographic accessibility, projected average net revenue per MRI procedure, projected average operating expense per MRI procedure, and historical utilization. Three of the four challenges were successful.

In the final decision entered on 19 July 2022, ALJ Melissa Lassiter[4] reversed the Agency's decision and awarded the CON to Pinnacle because the Agency had committed multiple reversible errors when conducting the comparative review. The

---

[4] Now Chief Administrative Law Judge.

PINNACLE HEALTH SERVS. OF N.C. LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

ALJ acknowledged that she was required to give due regard to the demonstrated knowledge and expertise of the Agency concerning facts and inferences within the Agency's specialized knowledge pursuant to N.C.G.S. § 150B-34, but she noted that the Agency's "discretion to choose the comparative factors and how it analyzes them . . . is not unlimited" and "[t]he Agency must conduct the comparative analysis in a way that relates to the statutory criteria and purposes of the law." According to the ALJ, the Agency exceeded that discretion with respect to its conclusions regarding geographic accessibility, projected average operating expense per procedure, and historical utilization.

Specifically, the ALJ found that Yakaboski's analysis contained multiple mathematical errors, undermined the CON Act, and inexplicably departed from the Agency's competitive review practices and procedures. The ALJ concluded that Yakaboski failed to "follow any determining principle" in arriving at his decision; instead, the competitive review turned entirely on Yakaboski's own "subjective belief." Further, Yakaboski's conclusions failed to "protect against geographic maldistribution of healthcare facilities, as the CON Act intended, but rather *encourage*[d] geographic maldistribution by favoring the concentration of even more facilities in larger cities while smaller communities go without." Because of these errors, the ALJ reversed the Agency's comparative analysis.

Further, the ALJ found that Pinnacle had demonstrated substantial prejudice from the denial of the CON. Specifically, the ALJ found that "[b]ut for the Agency's

PINNACLE HEALTH SERVS. OF N.C. LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

decision to approve the Duke Application, the Pinnacle Application would have been approved." In addition to the denial, Pinnacle demonstrated the decision would infringe on its freedom to invest in additional equipment using its own funds, compete with Duke on the same footing, and prevent it from realizing approximately $400,000 annually in savings and earning approximately $97,000 in additional net income annually.

After reversing the Agency's comparative analysis, the ALJ awarded the CON to Pinnacle. Appellants appealed to the Court of Appeals, arguing (1) that the ALJ erred by reversing the Agency's comparative analysis, (2) that the Agency had correctly concluded that Duke's application was comparatively superior, and (3) that Pinnacle had failed to demonstrate substantial prejudice. *Pinnacle*, 290 N.C. App. at 499. Specifically, appellants argued that the Court of Appeals should apply whole record review and defer to the Agency's decision. *Id.* at 500.

The Court of Appeals affirmed the final decision of the ALJ. *Id.* at 504. Regarding the appropriate standard of review, the majority rejected appellants' argument that the court should defer to the Agency's decision, rather than the ALJ's. *Id.* at 500. The majority explained that the General Assembly's 2011 amendments to the Administrative Procedure Act gave ALJs "authority to render final decisions in challenges to agency actions, a power that had previously been held by the agencies themselves." *Id.* (cleaned up).

Further, the majority applied whole record review, which Duke acknowledged

PINNACLE HEALTH SERVS. OF N.C. LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

as appropriate. *Id.* at 501. Under whole record review, a reviewing court determines whether there is substantial evidence in the record to support the ALJ's final decision, and the burden is on the appellant to show error by challenging specific findings of fact. *Id.* at 502. The majority held that appellants failed to challenge specific findings of fact, instead making "conclusory statements" regarding the ALJ's alleged errors and asking the court to "sift through the entire [r]ecord to find substantial evidence, or lack thereof." *Id.* at 503. Accordingly, the majority deemed the final decision supported by substantial evidence. *Id.* at 503–04.

The dissent disagreed, opining that failure to challenge specific findings of fact does not preclude review under the whole record test. *Id.* at 507–08 (Tyson, J., dissenting). According to the dissent, under whole record review, a court "is required to look at the entirety of the evidence, the 'whole record,' and not individual findings to determine whether the agency's findings of fact are supported by substantial evidence." *Id.* at 507. The dissent also argued that Pinnacle had failed to establish substantial prejudice. *Id.* at 511. According to the dissent, harm from "losing the competition and . . . consequent economic loss" do not amount to substantial prejudice. *Id.*

Appellants appealed to this Court based upon the dissent.[5] *See* N.C.G.S. § 7A-

---

[5] Although the General Assembly repealed subsection 7A-30(2), we nonetheless proceed with mandatory review because "[t]his appeal was filed and docketed at the Court of Appeals before the effective date of that act." *Bottoms Towing & Recovery, LLC v. Circle of Seven, LLC*, 386 N.C. 359, 361 n.1 (2024). Specifically, this appeal was filed at the Court of Appeals on 18 August 2022.

PINNACLE HEALTH SERVS. OF N.C. LLC v. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

30(2) (2023), *repealed by* Current Operations Appropriations Act of 2023, S.L. 2023-134, § 16.21(d)–(e), 2023 N.C. Sess. Laws 760, 1171. On appeal to this Court, appellants argue that both the Court of Appeals and the ALJ incorrectly applied the standard of review and that appellants properly challenged the ALJ's comparative analysis reversal and substantial prejudice determination, thus preserving these issues for review.

## II.    Standard of Review

An ALJ's final decision is appealable pursuant to N.C.G.S. § 150B-51(b) which provides:

> The court reviewing a final decision may affirm the decision or remand the case for further proceedings. It may also reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the findings, inferences, conclusions, or decisions are:
>
> (1) In violation of constitutional provisions;
>
> (2) In excess of the statutory authority or jurisdiction of the agency or administrative law judge;
>
> (3) Made upon unlawful procedure;
>
> (4) Affected by other error of law;
>
> (5) Unsupported by substantial evidence admissible under G.S. 150B-29(a), 150B-30, or 150B-31 in view of the entire record as submitted; or
>
> (6) Arbitrary, capricious, or an abuse of discretion.

PINNACLE HEALTH SERVS. OF N.C. LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

N.C.G.S. § 150B-51(b) (2023).[6]

On appeal, "[t]he nature of the contended error dictates the applicable scope of review." *State ex rel. Utils. Comm'n v. Bird Oil Co.*, 302 N.C. 14, 21 (1981). "[W]here the gravamen of an assigned error is that the [ALJ] violated subsections 150B-51(b)(1), (2), (3), or (4) of the APA, a court engages in *de novo* review." *N.C. Dep't of Env't & Nat. Res. v. Carroll*, 358 N.C. 649, 659 (2004); *see also* N.C.G.S. § 150B-51(c) (2023).

Alternatively, a reviewing court employs the "whole-record test" to review "fact-intensive issues" arising under subsections 150B-51(b)(5) or (6). *Carroll*, 358 N.C. at 659; *see also* N.C.G.S. § 150B-51(c). Under this standard, courts must "examine all the record evidence—that which detracts from the [ALJ]'s findings and conclusions as well as that which tends to support them—to determine whether there is substantial evidence to justify the [ALJ]'s decision." *Carroll*, 358 N.C. at 660

---

[6] A plain reading of subsection 150B-51(b) seemingly indicates that a reviewing court may reverse or modify an ALJ's decision only if "the substantial rights of the *petitioners* may have been prejudiced." *See* N.C.G.S. § 150B-51(b) (2023) (emphasis added). Otherwise, a reviewing court may only affirm or remand. *Id.* But "petitioner" is not statutorily defined, *see* N.C.G.S. § 150B-2 (2023), and its meaning in section 150B-51 is arguably ambiguous. Subsection (b) would appear to reference the party that initiates the original contested case hearing in the Office of Administrative Hearings. A plain reading of subsection (c), however, which states that "[i]n reviewing a final decision in a contested case, the court shall determine whether the petitioner is entitled to the relief sought in the petition based upon its review of the final decision and the official record," N.C.G.S. § 150B-51(c), would appear to reference the party seeking judicial review of an ALJ's final decision. In other words, a petitioner in subsection (b) may not be the same under subsection (c), and the actions that may be taken by a reviewing court, i.e., affirming, remanding, reversing, or modifying a final decision, depend upon how the statute is interpreted. Although we flag these concerns with subsection 150B-51(b), we are not positioned to resolve them today. *See* fn. 1. We, therefore, leave these ambiguities to be analyzed in subsequent cases or clarified by the legislature.

PINNACLE HEALTH SERVS. OF N.C. LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

(quoting *Watkins State Bd. of Dental Exam'rs*, 358 N.C. 190, 199 (2004)).

## III.  Discussion

Appellants argue that both the ALJ and the Court of Appeals applied an incorrect standard of review.  Specifically, they argue that a court should review the Agency's decision, rather than the ALJ's, and that whole record review obviates the need for appellants to challenge specific findings of fact.  Accordingly, appellants contend that their challenges to the ALJ's comparative analysis reversal and substantial prejudice determination were sufficient to preserve review of those issues on appeal.  We address each argument in turn.

### A. Deference to the ALJ's Final Decision

Appellants argue that the ALJ erroneously substituted her judgment for that of the Agency and that the ALJ and the majority below should have reviewed *the Agency's decision* under the whole record test.  Deference, they contend, should be afforded to the Agency, not the ALJ's final decision.  This argument, however, ignores the plain language of legislative amendments to the APA in 2011.  *See* Act of June 18, 2011, S.L. 2011-398, § 18, 2011 N.C. Sess. Laws 1678, 1686–87, and our decision in *Sound Rivers, Inc. v. N.C. Department of Environmental Quality*, 385 N.C 1 (2023). Specifically, appellants overlook that denied CON applicants are entitled to a contested case hearing under Article 3 of the APA which vests final decision-making authority with the ALJ.  *See* N.C.G.S. § 131E-188(a) (2023).

Prior to the 2011 amendment, an ALJ would issue a "recommended" decision

PINNACLE HEALTH SERVS. OF N.C. LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

that the agency was free to adopt or reject, in whole or in part. N.C.G.S. § 150B-34(c) (2009), *repealed by*, Act of June 18, 2011, § 18, 2011 N.C. Sess. Laws at 1686–87; *see also Britthaven Inc. v. N.C. Dep't of Hum. Res.*, 118 N.C. App. 379, 382, *rev. denied*, 341 N.C. 418 (1995). Under the prior statute, the agency itself issued the final decision that was subject to judicial review. N.C.G.S. § 150B-34(c). Now, however, in contested case hearings under Article 3, it is the ALJ's decision that is final and binding on parties. N.C.G.S. § 150B-34(a) (2023).

The ALJ "decide[s] the case based upon the preponderance of the evidence, giving due regard to the demonstrated knowledge and expertise of the agency with respect to facts and inferences within the specialized knowledge of the agency." *Id.*; *see also Sound Rivers*, 385 N.C. at 3. The ALJ then issues "a final decision or order that contains findings of fact and conclusions of law." N.C.G.S. § 150B-34(a).

Here, in blatant disregard of the 2011 amendment, the Court of Appeals' explanation of this legislative change, and this Court's precedent from *Sound Rivers*, appellants persist in arguing that the Agency's decision is the focus of our review. Appellants' argument is not merely wrong, it proceeds as though the amendments to § 150B-34 do not exist at all. Indeed, in its briefing to this Court, Duke cited at least eight cases for this very proposition, all of which were decided prior to the 2011 amendment. The Court of Appeals majority correctly made the ALJ's final decision, not the Agency's decision, the focus of its review. Appellants contentions of error on this point are wholly without merit and border on frivolous.

PINNACLE HEALTH SERVS. OF N.C. LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

In reviewing an ALJ's final decision, "a high degree of deference" is appropriate because, like any fact-finder,

> in an administrative proceeding, it is the prerogative and duty of the ALJ, once all the evidence has been presented and considered, . . . to determine the weight and sufficiency of the evidence and the credibility of the witnesses, to draw inferences from the facts, and to appraise conflicting and circumstantial evidence. The credibility of witnesses and the probative value of particular testimony are for the ALJ to determine, and the ALJ may accept or reject in whole or part the testimony of any witness.

*N.C. Dep't of Pub. Safety v. Ledford*, 247 N.C. App. 266, 286–87 (2016) (cleaned up).

But we do not suggest that an ALJ's discretion is unlimited. Appellants correctly assert that an ALJ is statutorily required to give "due regard to the demonstrated knowledge and expertise of the agency with respect to facts and inferences within the specialized knowledge of the agency." *See* N.C.G.S. § 150B-34(a). But the inverse is also true, and the statute commands "due regard," not blind deference. Deference to the agency's factual determinations is improper, therefore, when the evidence shows that no such specialized knowledge or expertise was utilized, or that an agency bureaucrat's subjective conclusions inexplicably depart from general agency practices and procedures. To mandate deference to such arbitrary determinations would invite unimaginable bureaucratic mischief and render an ALJ's review effectively meaningless.

We note that, in this case, the ALJ concluded that the Agency's decision was "uninformed by any general agency procedure or practice, or by the intent of the CON

PINNACLE HEALTH SERVS. OF N.C. LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

Act" and was guided by "solely the subjective belief" of the project analyst. Yakaboski's manipulation of comparative factors, mathematical errors, and unexplained departure from Agency practices as well as the intent of the CON Act confirms that neither permissible facts or inferences nor "specialized knowledge" were employed by Yakaboski or the Agency. *See* N.C.G.S. § 150B-34(a). The statute does not mandate deference when none has been warranted. N.C.G.S. § 150B-34(a) (2023).

**B. Failure to Challenge Specific Findings of Fact**

Appellants next argue that the Court of Appeals erred by holding that the failure to challenge specific findings of fact in the ALJ's final decision renders those findings binding on appeal. *See Pinnacle*, 290 N.C. App. at 503. They contend that whole record review "obviates the need" to challenge specific findings of fact in the final decision. Alternatively, appellants adopt the argument first made by the dissenting judge at the Court of Appeals that de novo review—rather than whole record—is appropriate.

Whole record review requires courts to "examine all the record evidence—that which detracts from the [ALJ]'s findings and conclusions as well as that which tends to support them—to determine whether there is substantial evidence to justify the [ALJ]'s decision." *Carroll*, 358 N.C. at 660 (quoting *Watkins*, 358 N.C. at 199). Substantial evidence is "[r]elevant evidence a reasonable mind might accept as adequate to support a conclusion." N.C.G.S. § 150B-2(8c) (2023).

PINNACLE HEALTH SERVS. OF N.C. LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

Although whole record review "mandates that the reviewing court must take into account any contradictory evidence or evidence from which conflicting inferences may be drawn," *N.C. State Bar v. Talford*, 356 N.C. 626, 632 (2003), a reviewing court "may not substitute its judgment for the ALJ's as between two conflicting views, even though it could reasonably have reached a different result had it reviewed the matter *de novo*," *Ledford*, 247 N.C. App. at 286 (quoting *Carroll*, 358 N.C. at 660) (cleaned up). Indeed, "the whole record test is not a tool of judicial intrusion; instead, it merely gives a reviewing court the capability to determine whether an administrative decision has a rational basis in the evidence." *Carroll*, 358 N.C. at 674 (cleaned up).

Further, in our adversarial system, "the burden is on appellant to show error," *Rittelmeyer v. Univ. of N.C. at Chapel Hill*, 252 N.C. App. 340, 349 (2017) (quoting *Carlton v. Cent. Oil Co.*, 206 N.C. 117, 118 (1934)), and unchallenged findings of fact are "conclusively established on appeal," *Brewington v. N.C. Dep't of Pub. Safety*, 254 N.C. App. 1, 17 (2017). A reviewing court does not scour the record itself searching for evidence that might undermine the ALJ's conclusion. That is the job of an appellant; thus, the party seeking judicial review has the burden to show that the ALJ's decision was not reasonably supported by substantial record evidence and narrow the scope of judicial review by challenging specific findings of fact to that effect.

### 1. *Comparative Analysis*

Here, appellants failed to challenge any specific findings of fact regarding the

PINNACLE HEALTH SERVS. OF N.C. LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

ALJ's comparative analysis review. They make only broad, conclusory statements that the ALJ's reversal was in error and that the Agency's decision was correctly decided. Glaringly, appellants fail to allege specific error in the ALJ's final decision; rather, their briefing largely argues for the reasonableness of *the Agency's decision*, which is not the focus of our review.

We reject the argument that specific challenges to the ALJ's findings of fact are unnecessary because the "whole record" is at issue. This argument fundamentally misunderstands whole record review. As explained above, the party seeking judicial review has the burden to show that the ALJ's decision was not reasonably supported by challenging specific findings of fact in the record evidence.

Appellants essentially invite us to transform our whole record review into something akin to *Anders* review, in which it is the responsibility of reviewing courts to sift through the record for potential error. *See Anders v. California*, 386 U.S. 738, 744 (1967). We decline this invitation. Unchallenged findings of fact are deemed to be supported by substantial evidence and survive whole record review. *See Sound Rivers*, 385 N.C. at 4.

Further, we decline to adopt de novo review as appellants request for the first time at this Court. Our review here is governed by subsection 150B-51(c) which clearly states that alleged errors under subsections (5) and (6) receive whole record review. N.C.G.S. § 150B-51(b)–(c). The Court of Appeals did not err on this score, and we affirm it's holding that whole record review is appropriate for the arguments

PINNACLE HEALTH SERVS. OF N.C. LLC v. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

presented.[7]

The whole record test places the burden on the party seeking judicial review to challenge specific findings of fact and show that the ALJ's decision was not reasonably supported by substantial evidence. Appellants failed to make such a showing here, and we affirm.

### 2. *Substantial Prejudice*

Finally, appellants contend that the issue of substantial prejudice was properly challenged at the Court of Appeals. Under N.C.G.S. § 150B-23, in filing for a contested case hearing, a petitioner's burden is two-fold. First, a petitioner must "state facts tending to establish that the agency . . . has deprived the petitioner of property, has ordered the petitioner to pay a fine or civil penalty, or has otherwise substantially prejudiced the petitioner's rights." N.C.G.S. § 150B-23(a) (2023). And second, a petitioner must allege that the agency "[e]xceeded its authority or jurisdiction[, ] acted erroneously[, ] failed to use proper procedure[, ] acted arbitrarily or capriciously[, or] failed to act as required by rule or law." *Id.* The ALJ then presides over a hearing to determine if the petitioner has established facts supporting these allegations.

As noted above, a petitioner may satisfy the first prong by alleging that the

---

[7] We note that appellants themselves requested whole record review at the Court of Appeals. *Pinnacle*, 290 N.C. App. at 501 ("While Duke does not specify which subsections under which it challenges the final decision, it correctly posits that the appropriate standard of review is the whole record test.").

PINNACLE HEALTH SERVS. OF N.C. LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

agency "substantially prejudiced its rights." N.C.G.S. § 150B-23(a). The Court of Appeals has interpreted this to require "specific evidence of harm resulting from the award of the CON . . . that went beyond any harm that necessarily resulted from additional . . . competition[.]" *Parkway Urology, P.A. v. N.C. Dep't of Health & Hum. Servs.*, 205 N.C. App. 529, 539 (2010). Here, the ALJ found that Pinnacle met this standard because "[b]ut for the Agency's decision," Pinnacle would have been awarded the CON, and the denial infringed on Pinnacle's freedom to invest in additional equipment, compete with Duke on equal footing, and prevent it from realizing approximately $400,000 annually in savings and $97,000 annually in additional net income.

Unlike the conclusory challenges to the ALJ's comparative review analysis, appellants properly challenged the ALJ's findings of fact on substantial prejudice. Specifically, in its brief to the Court of Appeals, the Agency argued that Pinnacle's alleged harm was "conjectural and hypothetical" and that "competition-based" harm does not amount to substantial prejudice. For example, Pinnacle projected that it would save approximately $400,000 annually if the CON were awarded because it would no longer have to service its Wake Forest location with a mobile MRI. However, the Agency argued that Pinnacle made this projection without knowing how many days the contracted mobile scanner was actually utilized at Pinnacle's several sites, making its projection "hypothetical." Similarly, Pinnacle alleged that the denial would hinder its ability to compete with Duke on equal footing, but the Agency argued

PINNACLE HEALTH SERVS. OF N.C. LLC v. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

Pinnacle is already successfully servicing numerous sites, including its Wake Forest location, with the mobile scanner.

But the Court of Appeals ignored these challenges. Instead, the Court of Appeals held that appellants had failed to challenge any specific findings of fact and therefore declined to reach the merits of appellants' arguments regarding substantial prejudice. *Pinnacle*, 290 N.C. App. at 503. ("[W]ithout challenging specific findings of fact in the Final Decision, which the Agency failed to do, those findings are binding on appeal.").

Conversely, the dissenting judge at the Court of Appeals did reach the merits and concluded that Pinnacle failed to show substantial prejudice because "[h]arm from normal competition does not amount to substantial prejudice." *Pinnacle*, 290 N.C. App. at 510 (Tyson, J., dissenting) (cleaned up). The dissent also opined that economic loss "generally does not amount to substantial prejudice, as it amounts to harm from normal competition." *Id.* In support of these contentions, the dissent cited several cases from the Court of Appeals, all of which reiterate that a petitioner is not substantially prejudiced by "harm from normal competition."[8] *Id.*; *see also CaroMont Health, Inc. v. N.C. Dep't of Health & Hum. Servs.*, 231 N.C. App. 1, 8 (2013).

We disagree. Where two eligible applicants compete for a CON, the denied

---

[8] The dissent cited to *Cumberland Cnty. Hosp. Sys., Inc. v. N.C. Dep't of Health & Hum. Servs.*, 237 N.C. App. 113, 123 (2014); *CaroMont Health, Inc. v. N.C. Dep't of Health & Hum. Servs.*, 231 N.C. App. 1, 8 (2013); and *Blue Ridge Healthcare Hosps. Inc. v. N.C. Dep't of Health & Hum. Servs.,* 255 N.C. App. 451, 464 (2017).

PINNACLE HEALTH SERVS. OF N.C. LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

applicant is inherently prejudiced because "but-for" the denial, the CON would be theirs. Unlike the petitioners in the cases relied upon by appellants and the dissent below, *Pinnacle is a denied applicant*. Pinnacle was statutorily eligible to receive the CON and did not do so only because Duke was approved instead.

In other words, Pinnacle is prejudiced by the denial of its own application, not merely the approval of a competitor's. Pinnacle presented specific evidence of harm to this effect, approximating the loss of $400,000 annually in savings and $97,000 annually in additional net income. Because there were only two eligible applications for the CON, these projections can be directly attributed to the denial. Appellants challenges on this score fail.[9]

## IV.  Conclusion

The CON Act was enacted with laudable goals: to control healthcare costs, to facilitate access to health service facilities, and to prioritize the healthcare needs of rural North Carolinians. *See* N.C.G.S. § 131E-175(1)–(4) (2023). But laudable intent can be easily manipulated by bureaucrats left unchecked. Judicial review serves as the necessary backstop, providing relief for parties wronged by bureaucratic overreach.

---

[9] We note that this case presents a limited factual scenario where only two applicants, both eligible under statutory criteria, compete for a CON. But two petitions, *Chesapeake Diagnostic Imaging Centers, LLC v. N.C. Department of Health & Human Services*, No. 222P25 (*petition for disc. review filed* Aug. 25, 2025), and *MH Mission Hospital, LLP v. N.C. Department of Health & Human Services*, No. 187P25 (*petition for disc. review filed* July 23, 2025),may provide opportunities for this Court to address this doctrine more fully.

PINNACLE HEALTH SERVS. OF N.C. LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Opinion of the Court*

The ALJ understood that due regard to the demonstrated knowledge and expertise of the agency does not mean blind deference to arbitrary bureaucratic action. By plain and unmistakable language, an ALJ's decision is final and binding on parties absent reversal or modification through judicial review. On review, the whole record test asks whether there is substantial evidence which a reasonable mind might accept as adequate to support the conclusions reached by the ALJ. A reviewing court does not undertake this analysis by searching for error on its own accord and reweighing the evidence. Rather, the party seeking judicial review has the burden to show that the ALJ's decision was not reasonably supported by substantial record evidence by challenging specific findings of fact.

Appellants have failed to make such a showing regarding the ALJ's comparative analysis reversal, and we affirm that portion of the Court of Appeals' judgment. However, appellants properly challenged the ALJ's findings on substantial prejudice, and we reverse the Court of Appeals on that score. On review, these challenges to substantial prejudice fail because, as a denied applicant, Pinnacle would have received the CON but-for the approval of Duke's application. Thus, the ALJ's award of the CON to Pinnacle is affirmed.

AFFIRMED IN PART, REVERSED IN PART.

Justice EARLS concurring in part and concurring in the result only in part.

I concur with the majority's conclusion as to the substantial prejudice issue—where two qualified applicants were eligible to receive a certificate of need and only one could be approved, the denied applicant who has been harmed has been "substantially prejudiced" under N.C.G.S. § 150B-23(a) (2023). Pinnacle met that standard here. Otherwise, I respectfully concur in the result only and would affirm the Court of Appeals' judgment for different reasons than those given by the majority or set out in the decision below: Duke University Health System (Duke) and the Department of Health and Human Services (the Agency) failed to carry their burden to show that the administrative law judge (ALJ) committed legal error by failing to afford the Agency "due regard" for determinations within its expertise.

This appeal initially came to our Court based on the Court of Appeals' dissent. N.C.G.S. § 7A-30(2) (2023) (repealed 2023). Our review of that decision was thus limited to those issues specifically disputed by the dissent and briefed by the parties. N.C. R. App. P. 16(b), 369 N.C. 763, 813 (2016) (repealed 2025). Here, those issues were: (1) whether the ALJ applied the appropriate standard of review in the contested case hearing initiated by Pinnacle Health Services of North Carolina, LLC (Pinnacle); (2) whether the Court of Appeals erred by concluding that Duke and the Agency failed to adequately challenge certain of the ALJ's findings; and (3) whether Pinnacle demonstrated "substantial prejudice" by the Agency's actions such that it had

PINNACLE HEALTH SERVS. OF N.C. LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Earls, J., concurring in part and concurring in the result only in part*

standing to initiate a contested case hearing under the Administrative Procedure Act (APA). *See Pinnacle Health Servs. of N.C. LLC v. N.C. Dep't of Health & Hum. Servs.*, 290 N.C. App. 497, 506–09 (2023) (Tyson, J., dissenting). We then allowed a petition by the appellee, Pinnacle, to brief additional issues that provide alternative bases for affirming the decision below. *See* N.C. R. App. P. 2, 15(d), 28(c); Elizabeth Brooks Scherer & Matthew Nis Leerberg, *North Carolina Appellate Practice and Procedure* § 19.07[6] (2025). Those grounds include that Duke and the Agency failed to demonstrate why the ALJ erred in its final decision and thus failed to demonstrate grounds to overturn that decision on appeal, and that the ALJ's uncontested findings support that Pinnacle was substantially prejudiced.

The first issue raised by the dissent-based appeal is the appropriate standard of review. The divergent views on the Court of Appeals panel suggest that this issue is the source of some confusion that would be fruitfully addressed by our Court.

As the majority notes, the APA was amended in an important way in 2011. Before that, an ALJ hearing a contested case would issue a recommended decision to the agency. N.C.G.S. § 150B-34(a) (2009), *amended by*, Act of June 18, 2011, S.L. 2011-398, § 18, 2011 N.C. Sess. Laws 1678, 1686–87. The agency then issued a "final decision" which could adopt or reject that recommendation. *Id.*[1] On appeal, a

---

[1] The provision read, "[I]n each contested case the administrative law judge shall make a decision that contains findings of fact and conclusions of law and return the decision to the agency for a final decision in accordance with G.S. 150B-36." N.C.G.S. § 150B-34(a) (2009) (amended 2011). Section 150B-36, in turn, conditioned departure from the ALJ's

PINNACLE HEALTH SERVS. OF N.C. LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Earls, J., concurring in part and concurring in the result only in part*

reviewing court scrutinized the "final decision," and thus it looked closely at what the decision reflected of the agency's actions and reasoning. *See* N.C.G.S. § 150B-51 (2009). The 2011 amendments eliminated the agency's default second-bite at the apple. Instead, Article 3 of the APA newly empowered the ALJ to issue a "final decision or order" based on the preponderance of the evidence in the contested case hearing. N.C.G.S. § 150B-34(a) (2023). Even so, the ALJ must "giv[e] due regard to the demonstrated knowledge and expertise of the agency with respect to facts and inferences within the specialized knowledge of the agency" when making its decision. *Id.*

Notwithstanding these changes, certain elements of the old system are preserved for certain agencies because the ALJ is not always the final decider. Other parts of the APA, like Article 3A, vest final decision-making authority with the agency. *See* N.C.G.S. §§ 150B-38(a), -40(e) (2023) (including, for example, occupational licensing decisions and establishing the ALJ's responsibility to "make a proposal for" such decisions); *e.g.*, *Devalle v. N.C. Sheriffs' Educ. & Training Standards Comm'n*, No. 158PA23, slip op. at 9 n.7 (N.C. Aug. 22, 2025).

Simply put, the ALJ's role in a contested case hearing depends on the agency and the related statutes. Whether the ALJ's decision is final depends on which part of the APA applies. The same is true for whether the reviewing court analyzes the

---

recommendation on the agency following certain additional procedures. N.C.G.S. § 150B-36 (2009) (repealed 2011).

PINNACLE HEALTH SERVS. OF N.C. LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Earls, J., concurring in part and concurring in the result only in part*

agency's or the ALJ's decision on appeal. Judicial review is of the "final decision," which can be authored by one or the other entity in different circumstances. *See* N.C.G.S. § 150B-51(b) (2023) (setting out the standard of review for "[t]he court reviewing a final decision"); *id.* at (b)(2) (noting that one ground for a reviewing court to reverse or modify the "final decision" is because it was made "in excess of the statutory authority or jurisdiction *of the agency or administrative law judge*" (emphasis added)).

Pinpointing which decision, the agency's or the ALJ's, is "final" matters enormously. For example, where the agency and the ALJ reached different conclusions and where the challenge is subject to the deferential "whole record" standard of review, identifying which "final decision" to analyze could be outcome-determinative. *See id.* at (c).

For certificate of need (CON) awards specifically, applicants who are "den[ied]" a certificate "shall be entitled to a contested case hearing under Article 3 of Chapter 150B," the part of the APA vesting final decision-making authority with the ALJ. N.C.G.S. § 131E-188(a) (2023). The ALJ must issue the "final decision within 75 days after the hearing." *Id.* at (a)(4). Its decision must give the agency "due regard" to the agency's "demonstrated knowledge and expertise," N.C.G.S. § 150B-34(a), but it may set aside the agency's decision where the agency "[a]cted erroneously," "[a]cted arbitrarily or capriciously," or "[f]ailed to act as required by law or rule." N.C.G.S. § 150B-23(a)(2), (4), (5) (2023).

PINNACLE HEALTH SERVS. OF N.C. LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Earls, J., concurring in part and concurring in the result only in part*

Accordingly, then, judicial review is of that ALJ-issued "final decision" and based on the "official record." N.C.G.S. § 150B-51(b)–(c). Appellants must show why the ALJ erred to succeed in overturning its decision on appeal, for example because it acted "[i]n excess of . . . statutory authority." *Id.* at (b).

Here, Duke and the Agency urged our Court to review the Agency's initial decision for correctness, relying on cases which applied the pre-2011 version of the APA. *E.g.*, *Craven Reg'l Med. Auth. v. N.C. Dep't of Health & Hum. Servs.*, 176 N.C. App. 46, 58 (2006). But those Court of Appeals cases are not relevant here, where the events occurred after the 2011 APA amendments and the ALJ issued the final decision under review. Analyzing anew the accuracy of the Agency's initial decision would contradict both the CON laws and the APA. In this circumstance, a reviewing court must focus its assessment on the soundness of the ALJ's decision.

Even so, the ALJ does not have carte blanche in its final decision, nor is the Agency's initial decision irrelevant. The ALJ itself reviews the Agency's work and what the Agency determined is necessarily relevant. An ALJ acts in "excess of . . . statutory authority or jurisdiction," N.C.G.S. § 150B-51(b), when it sets aside an agency's action for reasons other than those specified by statute, *see* N.C.G.S. § 150B-23(a)(1)–(5). It also errs when it fails to give "due regard" to the agency's "demonstrated knowledge and expertise." *See* N.C.G.S. § 150B-34(a). Because the APA compels ALJs to afford agencies some deference on "facts and inferences within the specialized knowledge of the agency," the ALJ commits legal error when it does

PINNACLE HEALTH SERVS. OF N.C. LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Earls, J., concurring in part and concurring in the result only in part*

not. *Id.* That error is reviewed de novo on appeal. N.C.G.S. § 150B-51(c).

That said, it is insufficient for an agency or prejudiced party to complain generally about inadequate agency deference. For one, applying the wrong standard of review is not necessarily grounds to reverse or remand. Where a lower tribunal applied the wrong standard of review but a reviewing court is positioned to review the challenge under the correct one, it may do so without remand. *E.g.*, *Morris Commc'ns Corp. v. City of Bessemer City Zoning Bd. of Adjustment*, 365 N.C. 152, 158–59 (2011) (noting that "[r]emand is not automatic when an appellate court's obligation to review for errors of law can be accomplished by addressing the dispositive issue(s)" and that where an "appellate court can determine how the trial court *should have* decided the case upon application of the appropriate standards of review," it has latitude to do so (cleaned up)); *Sizemore v. Tatum,* No. COA04-1416, slip op. at 4–5 (N.C. Ct. App. June 21, 2005) (unpublished) (concluding that the trial court applied the wrong APA standard of review and holding that the evidence supported the agency's determination under the correct standard of review). For another, it is generally not persuasive to argue, without examples, "We did not get our due regard!"

Remembering these fundamentals helps to clarify the case at hand. APA review demands precise attention to the particular nature of the challenge, so a reviewing court can know what standard of review applies. *E.g.*, *ACT-UP Triangle v. Comm'n for Health Servs.*, 345 N.C. 699, 706 (1997). The majority below made a clear

PINNACLE HEALTH SERVS. OF N.C. LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Earls, J., concurring in part and concurring in the result only in part*

error of law by failing to identify the nature of the challenge before concluding that the "whole record test" applied. *Pinnacle Health Servs. of N.C. LLC*, 290 N.C. App. at 501 ("While Duke does not specify which subsections [of N.C.G.S. § 150B-51(b)] under which it challenges the Final Decision, it correctly posits that the appropriate standard of review is the whole record test."). This conclusion does not make sense because courts cannot know what standard of review applies without understanding the nature of the challenge. *See* N.C.G.S. § 150B-51(c); *ACT-UP Triangle*, 345 N.C. at 706 (reiterating that "appellate review of a superior court order regarding an agency decision . . . [proceeds] as a twofold task: (1) determining whether the trial court exercised the appropriate scope of review and, if appropriate, (2) deciding whether the court did so properly," and that "[t]he proper standard for the superior court's judicial review depends upon the particular issues presented on appeal" (cleaned up)).[2]

Related to this point, Pinnacle sought to have the Court of Appeals' decision affirmed on the alternative ground that Duke and the Agency failed to demonstrate that the ALJ's determinations gave insufficient weight to the Agency's "specialized knowledge and expertise." On this basis, I agree and would affirm.

Duke and the Agency effectively asked this Court to conclude that the ALJ's decision must have been error, since the Agency's decision was "correct" and the ALJ

---

[2] The majority compounds this error by embracing the standard of review that Duke and the Agency argued for below, without explaining what it believes to be the nature of appellants' alleged errors. *See* majority *supra* Part III.B.1 & note 6.

PINNACLE HEALTH SERVS. OF N.C. LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Earls, J., concurring in part and concurring in the result only in part*

reversed it. They argued in a conclusory manner that the ALJ substituted its judgment for that of the Agency. But Duke and the Agency failed to explain why individual findings or conclusions were made without the "due regard" to the agency's expertise, particularly on the merits of the three factors (geographic accessibility, projected average operating expense per procedure, historical utilization). Although it is not enough for an ALJ to merely recite the "due regard" legal standard to meet it, a party must show why the ALJ's decision did not afford the legally required deference to succeed in reversing that final decision on that ground on appeal. *See* N.C.G.S. § 150B-51(b). Since Duke and the Agency failed to do so here, I would affirm the Court of Appeals' judgment affirming the ALJ's CON award to Pinnacle on that basis.

The second issue to resolve is whether the Agency properly challenged certain findings of fact to be able to contest those on appeal. *Pinnacle Health Servs. of N.C. LLC*, 290 N.C. App. at 507 (Tyson, J., dissenting). Misunderstandings as to the first issue appeared to spill over into this second issue.

The Agency seemed to view its initial determination of the worthy recipient of the CON award as a sort of cumulative finding of fact. Thus in its view, it did challenge the ALJ's findings, because it argued that the Agency's overall determination was subject to "whole record review" by the ALJ and that the ALJ failed to give it appropriate deference in any part of its final decision. But the CON award determination is not a single finding of fact, but is rather a mixed question of

PINNACLE HEALTH SERVS. OF N.C. LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Earls, J., concurring in part and concurring in the result only in part*

law and fact. The legislature by statute has created a review process for applicants seeking a CON, and that review process instructs that where more than one applicant could "meet[ ] the needs for the proposed project," the award should be made to the "least costly or most effective alternative." N.C.G.S. § 131E-183(a)(4) (2023); *see also* N.C.G.S. § 131E-182(a) (2023) ("The Department in its rules shall establish schedules for submission and review of completed applications. The schedules shall provide that applications for similar proposals in the same service area will be reviewed together."). The agency appears to have created a comparative review process by combination of rule and practice, wherein it compares two applicants along equally weighted factors to measure their effectiveness. *See* 10A N.C. Admin. Code 14C.0202(3). While the Agency must receive "due regard" for facts and inferences within its expertise, *see* N.C.G.S. § 150B-34(a), the ALJ is right to ask whether the Agency's application of the facts to its factors comports with the statutory and regulatory standard of "effective[ness]." *See* N.C.G.S. § 131E-183(a)(4). The ALJ appeared to do so here. Because Duke and the Agency failed to challenge specific findings as unsupported by evidence, and because they failed to show the ALJ committed legal error, we lack a basis under these circumstances to disturb the ALJ's final decision. *See* N.C.G.S. § 150B-51(c). I concur in the majority's decision to affirm the Court of Appeals' judgment upholding the ALJ's final decision awarding the CON to Pinnacle.

Justice RIGGS joins in this concurring in part and concurring in the result only

PINNACLE HEALTH SERVS. OF N.C. LLC V. N.C. DEP'T OF HEALTH & HUM. SERVS.

*Earls, J., concurring in part and concurring in the result only in part*

in part opinion.